Sewall, J.,
delivered the opinion of the Court.
The question to be decided in this case is, by what rule the plaintiff’s costs are to be taxed, he having prevailed in his suit; although the verdict for him, as rendered in this Court, is of a small amount, and under twenty dollars.
The general rule is, that the party prevailing is to recover his costs; that is, to the extent of the fee-bill, or according to the fees and allowances appointed for the several courts where the proceedings have been had. But this rule has been modified by several restrictions, from time to time enacted, with a view to certain limited jurisdictions, and for the purpose of restraining litigant parties to those jurisdictions, when competent to the decision of their causes, and thereby to prevent unnecessary expense in lawsuits. Thus, in the statute of 1783, c. 42, describing the power of justices of the peace in civil actions, their jurisdiction was extended to actions where the damages demanded do not exceed four founds; and provision was made “ that if, upon any action originally brought before the Court of Common Pleas, judgment shall be recovered for no more than four pounds, debt or damage, in all such cases the plaintiff shall be entitled, for his costs, to no more than one quarter part of the amount of the debt or damage so recovered.”
For the plaintiff, in electing his jurisdiction, having averred an amount of damages which he is unable to maintain, although prevailing to show himself entitled to some remedy, has not prevailed in justifying the jurisdiction in which he has pursued it. And, as he has subjected the defendant to an extraordinary expense, this is not to be unnecessarily * increased upon him by a taxation of full costs for the plaintiff. The rule presciibod by the statute, in the case provided for, is a penalty upon the plaintiff, and saves the defendant from the loss and *121 injury, to which he would be otherwise subjected at the will ot another.
And, more recently, in the statute of 1803, c. 155, for enlarging the jurisdiction of the Courts of Common Pleas, it is provided “ that no appeal shall be allowed from the judgment of any of said Courts of Common Pleas, in any action founded on simple contract, wherein it shall appear that the demand of the plaintiff does not exceed fifty dollars.” But, as this may happen, or it may appear by the judgment in the Court of Common Pleas, that the demand of the plaintiff does not exceed fifty dollars in an action there pending, in which the plaintiff may have elected to state his demand at an amount exceeding fifty dollars, — for such may be the ad damnum of his writ, — a further provision was thought necessary; and because, in the appeal, by which the final jurisdiction of the Common Pleas is avoided, the defendant may become the actor, he, as well as the plaintiff, is subjected to a penalty which is inflicted upon the appellant. But it is obviously the intent of the provision, although, in this respect, the words of the statute are deficient and obscure, that the penalty is to take place only in the case where, the demand of the plaintiff being for more than fifty dollars, it has appeared, by the judgment in the Common Pleas, that it does not exceed that sum. When the competency of the final jurisdiction of the Common Pleas has been so far determined, then the party appellant proceeds at his peril as to costs.
If the plaintiff appeals, although he prevails in the Supreme Judicial Court, to establish a demand to some amount; yet, if that should again be assessed at a sum not exceeding fifty dollars, the defendant is liable to no costs arising after the appeal, but is entitled, contrary to.the general rule, to recover his costs, arising in the action after the appeal, against the plaintiff.
* On the other hand, if, in the same case of a judgment in the Common Pleas not exceeding fifty dollars, the defendant appeals, then, if the plaintiff prevails upon the appeal, although his damages or demand should be assessed at a sum not exceeding fifty dollars, the defendant is made liable to double the amount of the legal costs arising after the appeal, (a)
The consequence of this construction is, that the case of a judgment exceeding fifty dollars, recovered in the Common Pleas by the plaintiff, in a suit wherein his demand is stated as exceeding fifty dollars, is not, for any purpose, within the provisions of this statute, as to the taxation of costs. (b) And, in adopting it, we have *122 yielded to a conviction of our own mistake of the just application of this statute, in a former case, in deciding upon the question of costs which arose therein, that the defendant had subjected himself, in appealing from a judgment of the Common Pleas exceeding fifty dollars, to a taxation of double costs after the appeal. That decision, upon the first question which arose under the statute, when the appeal had been made from a judgment upon a verdict in the Common Pleas, has some justification from the words of the statute, and seems to be conformed to their obvious and necessary meaning; and it was then thought unavoidable, although evidently unjust. But further examination has satisfied us that the words are capable of a construction and meaning more consonant to justice and equity, as well as the general intent of the statute, so far as it depends on this particular provision.
This construction, as it is now given, was suggested by the chief justice of this Court, at an early period after the decision referred to; and we know that we shall have his concurrence in overruling it, and in the construction now given to the statute in this respect.
In the present case, the plaintifFs demand exceeded fifty dollars ; and he prevailed in the Common Pleas, in justifying * the jurisdiction he had elected, as well as in maintaining his suit, having there recovered a verdict and judgment to a greater amount than fifty dollars. The defendant,' therefore, in becoming the appellant from that judgment, incurred no extraordinary peril of costs ; nor was the plaintiff subjected to any by the appeal. In short, it is a case not at all within the provision, as to costs, of the statute for enlarging the jurisdiction of the Common Pleas. And if the plaintiff had recovered, finally, a sum sufficient to require the jurisdiction of the Common Pleas for the decision of his cause, we have no doubt that he would have been entitled to his full costs, although not to double costs, against the defendant.
But it is contended that the taxation of costs is further restricted in this case; because the final judgment recovered by the plaintiff does not exceed twenty dollars, and is even less than four pounds; and although he has prevailed, yet it is in a case where the jurisdiction of a justice of the peace was competent to the decision of his cause.
I have already mentioned one provision respecting costs, intended to give efficacy to the limited jurisdiction of justices of the peace. But their jurisdiction was again enlarged by a statute enacted before this action was commenced, in which the former provision was re *123 enacted. (1) If it might have been doubtful therefore, in any degree, whether the former provision, applicable to the jurisdiction of justices of the peace, had been repealed by the provisions respecting costs in the statute for enlarging the jurisdiction of the Common Pleas, in any case where the final decision should be had upon an appeal to the Supreme Judicial Court, yet this latter statute must be now considered as the rule, in every case to which it extends in words, or by necessary construction.
If the provision respecting costs upon appeals to the Supreme Judicial Court had extended to all cases determined *upon such appeals, there would be some reason to construe it exclusive of all other provisions upon the same subject. And as the latter statute does not in words, so it will not by any necessary construction, extend to judgments in the Supreme Judicial Court, in cases appealed from the Common Pleas, in which a different provision had been explicitly and definitely made. But, having adopted a different construction, as to the provision respecting costs upon appeals, the former more general provision, especially when it is reenacted, must be considered applicable, at least in all cases not within the more limited provision; and such is the case at bar.
We all recollect that, by the operation of the statute first cited, whenever a plaintiff prevailing in the Supreme Judicial Court, in an action brought by appeal from the Common Pleas, whether by himself or the defendant, recovered a final judgment, not exceeding four pounds, his taxation of costs was restricted to a quarter part of his damages. As a sum not exceeding four pounds is necessarily a sum not exceeding fifty dollars, there would be, when the decision happened in an action appealed from the Common Pleas, concurrent, but, perhaps, not in any case inconsistent, rules. In the case at bar, there seems to be one only, and that the more general one, which applies. If the judgment recovered by this plaintiff in the Common Pleas, had been less than fifty dollars, and the defendant had appealed, and with the same event in this Court as in the case at bar, perhaps both rules would have applied; the one to restrain the costs before the appeal to a quarter part of the damages recovered, the other to give the plaintiff a right to the double of the costs arising after the appeal. Or, perhaps, the more just construction, even in that case, would have been to consider the latter statute, as the controlling rule for the taxation of costs, in every casé where the final judgment recovered is not only not exceeding fifty dollars, but also not exceeding twenty dollars, *and *124 where the plaintiff prevails in a suit, to which a justice’s jurisdiction was entirely competent.
Upon the whole, in the case at bar, we think that the last and general rule applies, and that the plaintiff is entitled for his costs to a sum ascertained by the quarter part of the damages assessed for him by the verdict of the jury, and to no more, (c)

 [Stone, vs. Kelley, 8 Mass. Rep. 98. —Ed.]

 [See Wightman vs. Hastings, 4 Mass. Rep. 244.—Ed.]

 Stat. 1807, c. 122.

 [Godfrey vs. Godfrey, 1 Pick. 236. — See ante, 28, Ham vs. Ricker. — Ed.]