CASE 38—PETITION EQUITY—JANUARY 11.

# Johnston vs. Ferguson.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A deed of mortgage executed by a married woman, jointly with her husband, of real estate of which she is the legal owner in fee-simple, to secure a debt of the husband, *held* to be valid, and the case of *Smith, &c., vs. Wilson, ante* 235, approved.

2. To create a separate estate in the wife, the general rule is, that there must be a manifest intention evinced by the language contained in the instrument by which the estate is created, that the wife shall have the exclusive property in the thing conveyed, otherwise a court of equity will not regard it as her separate estate; but technical terms are not indispensable.

3. The intervention of a trustee is not indispensably necessary to the creation of a separate estate, although it is a circumstance tending strongly to evince an intention to invest the wife with the exclusive use of the property conveyed. But the mere raising of a trust does not of itself create a separate estate—words of exclusion must be used.

4. Deed to a married woman in consideration of $3,500, and an undertaking to pay all paving and grading claims, conveying a lot of ground in the usual mode, with *habendum* clause, as follows: "To have and to hold the said tract or parcel of land, with its appurtenances, unto the said party of the second part, and to her heirs and assigns, to *their* only proper use, benefit, and behoof forever." *Held*—That the instrument does not create a separate estate, but conveys to the grantee an estate in fee-simple.

WORTHINGTON & JOHNSTON, for appellant, cited *Story's Eq.*, sec. 1373; 2 *Leading Cases in Equity*, part 2, 404, 394, (*ed.* 1852;) 4 *Mon.*, 493; 7 *J. J. Mars.*, 397; 4 *Beav.*, 379; *Ib.*, 383; *S. C.*, 6 *Beav.*, 110; *Ib.*, 118; 2 *Leading Cases in Equity*, part 2, 360; 17 *Wend.*, 422; 5 *Peters*, 624; 1 *Eng. Law and Eq.*, 1; 14 *Ill.*, 20; *Parsons on Mer. Law*, 67, *note* 3; 5 *Hill*, 640; 1 *Fon. Equity*, 39, book 1, sec. 7, *note w;* 1 *Wash.*, 279; 4 *Bibb*, 76; 10 *Ohio*, 305; 17 *Ib.*, 105; 22 *Conn.*, 548; 9 *B. Mon.*, 7; 4 *Greenleaf's Cruise*, 272, *title* 32, *chap.* 21, sec. 71; *Rev. Stat.*, 395; *Ib.*, 593; *Story's Eq.*, secs. 1380–1–2–3; 1 *Leading Cases in Equity*, 412–14; 5 *B. Mon.*, 116; 14 *Ib.*, 145–6; 5 *J. J. Mar.*, 227; 6 *Serg. & R.*, 466; 10 *Barr*, 423; 19 *Conn.*, 273, 282; 3 *Iredell's Eq.*, 414, 421; 19 *Ala.*, 373; 4 *Dana*, 610; 1 *Smedes & Mar. Chy.*, 647, 651; *Hill on Trustees*, 420, *note* 1; 7 *Met.*, 240; 2 *Dev. Eq.*, 430; 10 *Barr*, 432; 7 *Term Report*, 648; 1 *Wharton*, 514; 2 *Leigh*, 356; *Williams on Real Property*, 132–3–4, 130, 136, *note* 1; 1 *Sanders on U. and T.*, 365; *Ib.*, 69; 1 *Evans' Statutes*, 422; 2 *Black. Com.*, 77; 1 *Statute Law*, 443; *Revised Statutes*, 196; 1 *J. J. Marsh.*, 243–4; 1 *Lomax on Real Property*, 188; 1 *Greenleaf's Cruise*, 381, *title* 12, *chap.* 1, sec. 4, *note* 1; *Story's Equity*, 1378; 1 *Fon. Eq.*, 99, book 1, *chap.* 2, sec. 6, *note o; Reeve's Domestic Relations*, 108, 110; 16 *B. Mon.*, 642; 1 *J. J. Mar.*, 390; 4 *Bibb*, 76.

SPEED & BARRET for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by Ferguson to foreclose a mortgage which had been executed to him by James Johnston and Ellen C. Johnston, his wife, to secure the payment of a debt of two thousand dollars, for money which he loaned to the husband on the day the deed was executed, according to the recitals therein contained.

The property mortgaged belonged to the wife, and consisted of a lot of ground in the city of Louisville. The husband

having died during the pendency of the action, the validity of the mortgage is contested by the wife, on several grounds.

*First.* It is contended that a married woman cannot convey her real estate by a deed of mortgage, but that under the statute, she can only convey it by an absolute deed, which will operate as a complete divestiture of her whole title and interest in the property.

By the 20th section of the chapter on conveyances, in the Revised Statutes, it is provided, that "married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession, reversion, or remainder." And the following section provides, that " the conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey or have theretofore conveyed."

These provisions of the statute apply to such real estate which the wife owns as does not come under the denomination of her *separate estate*, her power over which is regulated by other provisions of the Revised Statutes.

" Married women may convey any real or personal estate which they own." This seems to confer a very comprehensive power, unrestricted and unqualified. It authorizes them to convey in general terms, without any reference to the estate to be conferred on the grantee by the conveyance. If they own the fee, and convey merely a life estate, the conveyance would be embraced by the terms of the power. It would be a conveyance of their real estate, although it would still leave in them a reversionary interest. There is nothing in the statute which limits the power to a conveyance of their entire interest in the estate. And as it confers on married women the unquestionable power to convey all their interest in their real estate, we are unable to perceive any good reason why it should be so construed as to prohibit them from conveying part of that interest, especially as the language in which the power is conferred does not so restrict it, but authorizes them to convey without restriction or limitation.

The power of alienation which the statute confers on married women, being general in its terms, cannot by any allow-

able rule of construction be limited in its operation so as to prohibit them from conveying less than their whole interest in the property. As a general rule, the power to do the whole necessarily implies the power to do every part. The power to convey the whole interest embraces the power to convey a part of that interest. And as there is no provision contained in the statute which evinces an intention to limit the exercise of the power, and such a construction, even if admissible, is not required by any rule of policy, we are of the opinion that the deed of a married woman, executed in conformity with the requisitions of the statute, is effectual to pass the whole or any part of her interest in the real estate thereby conveyed.

It was decided at the last term of this court, in the case of *Smith, &c., vs. Wilson,* (2 *Mct.,* 235,) that a mortgage executed by a married woman, jointly with her husband, was valid, being authorized by the statute; and that decision we still approve of and adhere to upon a reconsideration of the question.

*Second.* The principal effort that has been made has been, however, to sustain the proposition that the wife had a *separate estate* in the property mortgaged, and that the deed is wholly inoperative and void for that reason.

The property was conveyed to the wife in December, 1854, and if she was invested with a *separate estate* therein, she could not, under the provisions of the Revised Statutes, alienate it nor incumber it by a mortgage, unless with the consent of the donor, if she acquired it as a gift.

It therefore becomes material to determine the nature and character of the estate with which she was invested.

The deed by which the property was conveyed to her purports to have been made in consideration of thirty-five hundred dollars, and an undertaking to pay all paving and grading claims. After conveying to her and her heirs the lot of ground in question in the usual and ordinary mode, it contains an *habendum* clause in the following language: " To have and to hold the said tract or parcel of land, with its appurtenances, unto the said party of the second part, and to her heirs and assigns, to *their* only proper use, benefit, and behoof forever."

The *habendum* is the only part of the deed that is relied upon as indicating an intention to create a *separate* estate.

Technical terms are not indispensable to the creation of such an estate; but still such language must be used in the instrument as clearly evinces the existence of such an intention.

*Separate estates* in married women are the productions of courts of chancery, and are entirely equitable in their character. They are mere uses or trusts, from the benefits of which, and all interest therein, the husband is entirely excluded. Originally the legal title was conveyed to a trustee, and the use was by the conveyance declared to be for the exclusive benefit of the wife. But courts of chancery having adopted the principle that a trust should not be permitted to fail for the want of a trustee, it resulted from this doctrine that where an instrument contained a declaration of a trust for the benefit of the wife, the husband was regarded as the trustee, if one were necessary; and if not, the use was regarded as vesting in the wife, without the intervention of a trustee.

But although the intervention of a trustee is not indispensably necessary to the creation of a separate estate, still it is a circumstance which tends strongly to evince an intention to invest the wife with the exclusive use of the property conveyed, as the intervention of a trustee is wholly useless unless intended for that purpose.

It is true that the mere raising of a trust does not of itself create a separate estate. Words of exclusion must be used, otherwise the husband will have the same interest in the trust estate that he is entitled to in the other real estate of his wife. But in such a case language which might be deemed sufficient to exclude the husband might not be regarded as sufficient to evince such an intention, when unaided by the nature of the instrument, or any other circumstance tending to indicate an intention to invest the wife with an exclusive use in the property.

The words contained in the *habendum* in this deed are frequently used without any particular design, and were, as we suppose, originally inserted in deeds to indicate that the property conveyed was not to be held in trust for any other person, but was for the use and benefit of the grantee alone. They are merely formal, and cannot, according to any reasonable

rule of construction, be made to mean any more, when introduced into a deed to a married woman, than they do in conveyances to other persons. The use of them in a deed to a married woman does not justify the hypothesis that they were used for the purpose of creating a separate estate; for if the creation of such an estate was contemplated by the parties, the reasonable presumption is, that mere formal words, which are common to conveyances in general, would not have been used, but some language would have been adopted more appropriate, and more fully evincive of such an intention. The *habendum* in the deed of mortgage in question contains precisely the same language, word for word, that is contained in the *habendum* of the deed to the wife, which tends to demonstrate the correctness of the assumption that such words are merely formal, and frequently used without any definite meaning being attached to them.

To create a separate estate in the wife, an intention to do so should be distinctly expressed in the instrument, and some language should be used clearly expressing the exclusion of the husband, or else it should contain some directions with respect to the enjoyment of the estate wholly incompatible with any right by him to control it in any manner. (*Clancy on Rights, p.* 262; 2 *Story's Equity, sec.* 1381.)

It has been accordingly held, that a gift or bequest to a married woman, "for her own use and benefit," or "to pay the same into her own proper hands, to and for her own use and benefit," or to "pay an annuity into her own proper hands, for her own proper use and benefit," do not amount to a sufficient expression of an intention to exclude the husband; for although the money is to be paid into her own hands, or to her own use, yet there is nothing in that inconsistent with its being subject to his marital rights. (2 *Story's Equity, sec.* 1383.)

Some cases have been decided that are not entirely consistent with these; but the general rule is, that there must be a manifest intention evinced by the language contained in the instrument by which the estate is created, that the wife shall have the exclusive property in the thing conveyed, without which a court of equity will not regard it as her separate

estate. According to this doctrine the property mortgaged was not separate estate, but belonged to the wife, as the legal owner thereof in fee-simple.

The fact that the note for the two thousand dollars bears date the day after the date of the mortgage, we do not regard as material. We entertain no doubt, from the testimony, that it was the intention of the parties to make both of the same date, and that the discrepancy was the result of mistake. We are also satisfied that the check for the money loaned was given at the same time the note and mortgage were executed; and that all the writings constituted in reality part of the same transaction. But the property mortgaged can only be subjected to the payment of the debt secured by the deed, according to the stipulations therein contained, and, consequently, the mortgagors cannot sustain any injury from either an apparent or real discrepancy between the note executed and the debt described in the mortgage.

Wherefore, the judgment is affirmed.