The opinion of the Court was drawn up by
Davis, J.
—Upon a complaint under the statute to recover damages, caused by flowing lands, the judgment in regard • to future compensation is not conclusive upon either party. *33 At any time, "after the payment of the then last year is due,” notice may be given to the other party; and, after the expiration of thirty days from such notice, a new complaint may be brought, to increase, or to reduce the damages.
The language employed in this restriction is somewhat ambiguous. It originated in the Massachusetts statute of March 4, 1800. The statute of Feb. 27, 1796, gave to both the parties a right to institute a new complaint immediately. That of 1800, provided that no new complaint should be presented "until the expiration of one month after the past year’s damages shall have become due.”
The damages accruing after the complaint is filed must bé assessed in "yearly sums.” The date of the filing of the complaint is the beginning of every new year. The past year’s damages become due at that time; and whoever is then the owner of the dam and mill is liable for the year then terminated. Lowell v. Shaw, 15 Maine, 242 ; Bryant v. Glidden, 36 Maine, 36.
As neither the commissioners, nor the jury, are required to find any amount of the entire damages, but only "the yearly damages” which are also to be " the measure of the yearly damages” until increased, or reduced upon a new complaint, when the judgment is rendered, (which may be long after the report, or the verdict,) it should embrace all the yearly payments that have then become due. Such a judgment is according to the verdict, or the report, as the ease may be.
The statute evidently contemplates that there shall be one yearly payment, not embraced in the judgment on the first complaint, accruing before the second shall be commenced. Or, in other words, the judgment on the first, shall be " the measure” of damages for at least one year, that shall not be embraced in the second. But the new yearly payment is not likely to become due a whole year after the judgment is rendered; as the year is reckoned, not from the date of the judgment, but from the date of filing the complaint. So that a yearly payment not embraced in the judgment may *34 become due very soon after it is rendered. And, when such new payment becomes due, though it should be the next day after the rendition of the judgment on the first complaint, either party may give the notice preliminary to instituting another. So that the statement made incidentally by the Court, in the case of Stevens v. Fitch, 2 Met., 507, 508, that a new complaint "cannot be brought until after the expiration of more than á year from the judgment for annual damage on the former assessment,” is not strictly accurate. No such point was decided in the case. The rule is stated with more care in Staple v. Spring, 10 Mass., 72, that the statute suspends the' right to commence a new complaint "for one year and one month following the time comprised in the prior decision
Under our present statutes the clerk of coui’ts in any county may, during a vacation, receive a certificate of a judgment, pronounced in another county. In such case, he is required to enter it up, and issue execution, " as of the preceding term.” R. S., c. 77, § 20. Such a judgment can properly embrace only the sum due on the last day of the term as of which it is entered.
In the case at bar, the clerk received the certificate, ordering judgment to be entered, July 23d, 1859. This being in vacation, he entered up the judgment as of the preceding March‘Term. The complaint was dated June 30th, 1855. We suppose it was filed in the cleric’s office on that day,— though the case is silent on that point. If so, the annual payments became due June 30th; and, as the judgment was entered as of the March Term, 1859, it could embrace the annual payments accruing up to, and including that of June 30, 1858, and no more. The presumption is, that the clerk so entered it. The case as made up, does not show to the contrary, though it is stated otherwise in argument.
As a yearly payment not properly embraced in the judgment accrued June 30, 1859, it became due immediately after the judgment was rendered. It could not have been collected without a suit; but the liability to such a suit *35 was incurred forthwith. It was the annual payment "of the then last yearand either party had the right to give the notice preliminary to instituting a new complaint.
But it is said in argument, and we doubt not correctly, that the complainant in fact took judgment for the payment due Juno 30, 1859, and even for the fractional part of the year, ending July 23, 1859. Whether the other party could thus be deprived of any rights, we need not inquire; for no such facts are alleged in the motion.
There are three causes for abatement of the new complaint stated in the motion. One of these is a matter- of record, for the Court. The other two are matters of fact dehors the record, for the jury. Such questions cannot be joined in a jplea in abatement; and none but the first can be presented by a motion. But assuming that joining the latter did not invalidate the motion, but that, rejecting the last two causes, the first might be considered, the most that can be claimed, is, that the evidence sustains it. Even if the record proves more than the allegations in the motion, it can avail nothing beyond what is alleged.
Excluding, therefore, the questions whether, if it were necessary, the last year’s damage had been actually paid, or whether the requisite notice was given, before the new complaint was filed, nothing remains in the motion but the allegation "that said complaint was brought before the expiration of one year after the rendition of judgment upon the original complaint.” And we have already seen that, admitting the truth of this allegation, it does not necessarily follow that the new complaint was premature. A yearly payment, not embraced in the original judgment, might become due long before the expiration of a year.
In fact, in the case at bar, if the original judgment had been properly entered up, a yearly payment, not embraced in it, would have been due as soon as it was pronounced. That it was not thus entered, does not appear by the motion, nor by the exceptions, nor by any papers referred to as part of the case. Nor is there anything to show that the atten *36 tion of the Court at Nisi Prius was called to the fact that an additional year’s damage was in fact included in the judgment. And if it was, the Court ruled, not upon the proofs, but upon the motion, as the proofs sustained it. Whether a motion might not have been made that would, upon the same record evidence, have justified a dismissal of the complaint, we need not determine. The motion presented was insufficient, and was properly overruled.

Exceptions overruled.

Tenney, C. J., Bice, Goodenow, and Kent, JJ., concurred.