CITY OF WORCESTER *vs.* COUNTY COMMISSIONERS OF WORCES-
TER.

Under the St. of 1864, c. 104, which empowered the city of Worcester to supply itself with pure water from sources in Leicester, and provided in § 8 that all damages sustained thereby should be " assessed in the manner provided in the general laws in regard to highways," a claimant of damages for acts done by the city in the exercise of powers given by the statute should first proceed by petition to the county commissioners to assess his damages; and it is immaterial to their jurisdiction of such a petition that an assessment has been made by the city itself at the instance of the same petitioner.

PETITION for a writ of *certiorari* to quash proceedings pending before the respondents on the petition of Edward D. Thayer for an assessment of his damages for injury done to his water mill by the taking of the water of Lynde Brook in Leicester by these petitioners by virtue of the St. of 1864, *c.* 104, entitled " An act for supplying the city of Worcester with pure water."

It was admitted, for the purposes of the hearing, before *Colt,* J., that Thayer's mill was injured by acts of the city done under the statute, as alleged in his petition to these respondents; that he filed said petition September 25, 1865 ; that previously, on June 7, 1865, he had petitioned the mayor and aldermen of Worcester for an assessment, which former petition they re-ferred to a committee of their board, who made a report, which the board adopted, assessing his damages at the sum of $1000, and recommending that if he should refuse to accept this sum in satisfaction, an offer should be made to settle the matter in dispute by arbitration ; that the city never gave any notice to the owners of the land which they took under the statute to ap-

pear and be heard on the question of damages, but appointed a committee to confer with the landowners; and that between this committee and Thayer negotiations for a settlement were had without result. The question whether the county commissioners had jurisdiction, under these circumstances, of Thayer's petition of September 25, was reserved for the determination of the full court. The material parts of the statute are quoted in the opinion.

*G. F. Hoar,* (*W. W. Rice* with him,) for the petitioners.

*P. E. Aldrich & T. L. Nelson,* for Thayer.

Hoar, J.    By the St. of 1864, *c.* 104, the city of Worcester was authorized " to acquire and hold by purchase, or to take and hold," the waters of certain brooks and ponds in the adjoining town of Leicester, and such lands or estates as were necessary for laying out and maintaining an aqueduct for conducting the waters into said city, and building reservoirs, and taking lands around the margin of any water sources or reservoirs which they might possess or create, for the purpose of supplying the city with pure water. Full powers were also given for the necessary use of the public streets and highways in Leicester and Worcester, in constructing the aqueduct and laying and maintaining pipes for the distribution of the water, including the right to cross any lands to carry water to any buildings. The only provision for compensation for injury or loss of property occasioned to any person by the exercise of the powers and privileges thus freely conferred, is found in § 8, which provides that " all damages that may be sustained," &c., " shall be paid by the said city of Worcester to the individual or corporation injured, which damages shall be assessed in the manner provided in the general laws in regard to highways."

The only question which arises upon this petition is, whether a person who claims damages under this act should apply in the first instance to have them assessed by the county commissioners.

The provision is certainly vague and obscure, and would probably have been made more definite if the attention of the 'egislature had been called to the great difference between the

mode in which land is taken for highways, and that in which it is allowed to be taken for the purposes contemplated in this statute. A better analogy would seem to be found in the general statutes relating to railroads, where, although there is the general provision that damages shall be estimated by the commissioners in the manner provided in laying out highways, there are also special limitations and qualifications adapted to the relations of the parties. Gen. Sts. *c.* 63, § 21, *et seq.*

The petitioners contend that, in the taking of lands or water rights, or causing of injury in any manner to the property of private persons by the construction of the water works, the city council of the city of Worcester exercise in effect the functions of the board of county commissioners in laying out highways; and that, when the statute provides that the damages shall be assessed in the same manner as in the case of highways, it means that the public authority taking the lands shall first estimate the damages, and then the party aggrieved may apply for a jury. The reasons given in support of this construction are undoubtedly deserving of serious consideration. The county commissioners, when they lay out a highway, are required at the same time to estimate the damages occasioned to all persons thereby, and to order the same to be paid; so that there is no petition to procure the assessment of damages needed or authorized. They so far represent the public interest, that the rights of the county and towns are concluded by their action to such an extent that only the persons whose lands are taken or injured can claim a reassessment of damages by a jury. The limitation of the time within which a claim for damages shall be prosecuted relates to the action of the commissioners in laying out the highway. The county commissioners are intrusted with the disbursement of the funds of the county, and are charged with the duty of causing their award of damages in the case of highways to be paid to the parties entitled to receive them; while they have no control over the funds of the city of Worcester.

But while these suggestions show the embarrassments which attend the course of procedure adopted by the respondents; and

show that some consequences may follow it which the legisla-
ture did not perhaps have in view ; they are not, in our judg-
ment, decisive, nor of so great weight as those which lead to a
different result.

It has been held in a case of assessment of damages from the
construction of a railroad, that when it is said in the statute that
" like proceedings shall be had" it must mean similar proceed-
ings when the cases are alike. *Fitchburg Railroad Co.* v. *Bos-
ton & Maine Railroad,* 3 Cush. 58. And when there is a general
reference to the mode of proceeding in another case which neces-
sarily differs in many essential particulars from the case to which
that mode of proceeding is to be applied, it is manifest that it
is to be followed only so far as it is applicable ; and that what-
ever is necessary to adapt it in substance and effect to the dif-
ferent state of things is authorized by implication.

The general policy of the law in regard to private property
taken for public use is undoubtedly this : that the estimate of
damages shall be made in the first place by or under the author-
ity of some tribunal by whom it can be made more promptly
and cheaply than by the intervention of a jury. The provision
for this purpose has varied in different statutes, a large number of
which have been cited in the argument. In the act to supply
the city of Boston with water, the provision was, that the assess-
ment should be made by a committee appointed by the court
of common pleas ; giving to the party aggrieved by the award
of the committee a trial by jury at the bar of that court. St.
1846, *c.* 167. In the cases of highways and railroads, the county
commissioners are the tribunal ; and in regard to town ways,
the selectmen, or the mayor and aldermen of cities. The chap-
ter in the General Statutes relating to aqueduct corporations
provides for the compelling of the payment of damages which
" have been assessed by county commissioners or the verdict of
a jury." And in the assessment of damages, we do not under-
stand that either county commissioners or municipal officers act
as the mere agents of the county, city or town, but as public
officers, occupying an independent position in respect to the
parties, and required to act with judicial impartiality. Thus in

the case of a town way, a vote of the town directing the select-men to lay it out is unauthorized and illegal. *Kean* v. *Stetson*, 5 Pick. 492. And no one would suppose that the town could determine what damages the selectmen should award.

Under the statute which we are now considering, the city of Worcester can hardly be regarded as an independent and impar-tia. tribunal. They are one party to the transaction. The city council of Worcester have no official relation to the citizens of Leicester. By § 4, the city is authorized to execute the powers given by the act, " by such officers, servants and agents, as the 2ity council shall from time to time ordain, appoint and direct;" so that no assessment of damages by the city council itself, or either branch of it, is made essential to the validity of the action of the city. If again we regard the literal requirements of the statutes relating to highways, we find that it is only " a party aggrieved by the doings of the commissioners" that is entitled to have a jury. Gen. Sts. *c.* 43, § 19. We are therefore of opin-ion that Thayer was right, both by the spirit of the statute, and the nearest conformity to its letter which is practicable, in com-mencing his proceedings by a petition to the county commis-sioners.

Whether, upon a just view of the whole statute, there is no time limited within which such a petition must be presented, or whether the city would have no right to a jury, if dissatisfied with the award of the commissioners, it is not now necessary to determine. It is enough to say that no right of the city is vio-lated, if such should be found the necessary construction of the law. If there is reason to apprehend any inconvenience from the prosecution of stale claims, or that the judgment of the commissioners would be too favorable to claimants if there were no appeal from it, a remedy must be sought in an appli-cation to the legislature. *Petition dismissed, with costs.*