FOR THE

COUNTIES OF HAMPSHIRE AND FRANKLIN, AT GREEN-
FIELD, SEPTEMBER TERM 1869.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT, } Justices.
Hon. SETH AMES,

## HAMPSHIRE COUNTY.

NEW HAVEN & NORTHAMPTON COMPANY *vs.* INHABITANTS OF
NORTHAMPTON.

DANIEL G. LITTLEFIELD *vs.* NEW HAVEN & NORTHAMPTON
COMPANY.

A landowner is entitled to the costs of an application, under the Gen. Sts. *c.* 63, § 22, for a
jury to assess damages for the taking of his land by a railroad corporation, if the jury
find in his favor for any amount, though they assess the damages at a less amount than
the county commissioners have done ; whether the jury is applied for by him or by the
railroad corporation. And such costs include the fees of the sheriff and jurors.

In the costs of an application, under the Gen. Sts. *c.* 63, §§ 21, 22, to county commissioners
to estimate the damages to the owner of land taken by a railroad corporation, and for
jury to assess the damages, there should not be allowed a term fee for the hearing before
the commissioners upon the issuing of the warrant for a jury ; nor, *it seems*, a term fee,
attorney's fee, travel or attendance, upon the original application before the commis-
sioners.

The costs of an application to county commissioners to estimate damages for the taking of land by a railroad corporation, under the Gen. Sts. *c.* 63, § 21, are to be taxed by the commissioners, and not by the superior court or this court.

On an appeal to this court, by a railroad corporation, from the taxation of costs in the superior court on proceedings to assess damages to the owner of land taken by the railroad corporation had before a jury, whose verdict was returned into the superior court, the landowner prevailed upon the principal points in dispute. *Held*, that he should be allowed costs of the appeal, though some small items, which had been taxed by the superior court in his costs, were disallowed.

GRAY, J. 1. The New Haven & Northampton Company having taken, for the purposes of their railroad, land belonging to the town of Northampton, the damages for such taking were estimated by the county commissioners, according to the Gen. Sts. *c.* 63, § 21. The railroad corporation, being dissatisfied with that estimate, applied to the county commissioners, under § 22, for a jury to assess the damages, the jury assessed them at a smaller sum, and the verdict was returned into the superior court, which gave judgment for the town for the amount of damages found by the jury and for costs of the original petition to the county commissioners only, and refused to allow to the railroad corporation the costs of the petition for a jury. From this taxation of costs the railroad corporation has appealed to this court.

The most important question arising upon this appeal is whether either party, and, if so, which, is entitled to recover the costs of the application for a jury, when the jury assess the damages at a smaller sum than that estimated by the county commissioners.

Proceedings of this nature are not within the general laws regulating costs in civil actions, and depend on special provisions of statute. *Commonwealth* v. *Carpenter*, 3 Mass. 268. *Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. 496. *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 55, 56. The construction and effect of the existing statutes may be best ascertained by first considering the course of previous legislation in like cases and the judicial decisions under it.

By St. 1786, *c.* 67, § 4, any person, aggrieved by the estimate of his damages by a committee appointed by the court of sessions upon the laying out of a highway, might have the same

heard and finally determined by a jury; and if the jury did not increase the damages, the costs were required to be paid by him; otherwise, by the county.   Under St. 1801, *c*. 69, § 4, providing for the estimate by a committee of damages occasioned by the laying out of a turnpike, and " saving to either party the right of trial by jury, according to the law which provides for the recovery of damages accruing by laying out public highways," it was held that if, upon the application of the turnpike corporation for a jury, the damages estimated by the committee were reduced, neither party could recover the costs of such application; and the court said, " The silence of the statutes for regulating the method of laying out highways, in respect to the payment of costs by a party who rests satisfied with the report of a committee, is very reasonable.   It would, without doubt, be inequitable to mulct him in costs for what, at most, must be considered as a mistake in judgment of a committee, in whose appointment he had no voice, and over whose inquiries or report he had no control.   But there is no provision of law authorizing him to recover costs." *Commonwealth* v. *Carpenter*, 3 Mass. 268.   Under a similar statute, which provided simply that a party, injured by the laying out of a canal, dissatisfied with the estimate of his damages by the county commissioners, applying for a jury, and failing to obtain increased damages, should be liable for the costs of such application, it was held that if he obtained increased damages he could recover no costs, because the statute had not provided for taxing any costs against a party who rested satisfied with the assessment of the commissioners. *Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. 496.

The Rev. Sts. *c*. 24, § 38, provided that if a jury, summoned upon the application of persons sustaining damages by the laying out of a highway, should not increase the damages allowed by the commissioners, the costs incurred by reason of the application should be paid by the persons whom the petitioners had previously caused to enter into a recognizance for the payment of such costs, as required by § 41; otherwise, all such costs should be paid from the county treasury.   The St. of 1848, *c*. 222, authorized a manufacturing corporation to construct a dam

across the Connecticut River, paying such damages to the owners of fishing rights as might be assessed by the county commisioners, " subject however to an appeal to a jury from such assessments in the same manner and with like proceedings as in cases of·assessments of damages by county commissioners for land taken for highways." Upon an application by the manufacturing corporation for a jury, the damages assessed by the commissioners were reduced; and it was held that, although the corporation had the right to apply for a jury, yet as there was no provision as to costs in such a case, none could be taxed in favor of the petitioners. *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602. The remark of Mr. Justice Dewey in that case, that " the respondents will be entitled to the taxable costs as the prevailing party," has not the weight of an adjudication; for it does not appear by the report that they claimed costs, and the judgment, as recorded, shows that no costs of the application for a jury were taxed in favor of either party.

The Rev. Sts. c. 39, §§ 56, 57, 62, (substantially reënacting the St. of 1833, c. 187, §§ 1, 4,) provided that the damages sustained by the laying out of a railroad should be estimated by the county commissioners; that either party might apply for a jury to assess the damages, as in the case of highways; and that, " after the commissioners shall have made their estimate as aforesaid, the said railroad corporation may tender to the owner of the land or other property the amount of damages so estimated, in full satisfaction thereof; and if the said owner shall refuse to receive the same, with costs to be taxed to that period, and shall apply for a jury as aforesaid, he shall pay all costs caused by such application, arising after such tender, unless upon the final hearing he shall recover a greater amount of damages than the sum tendered; and if the said corporation shall apply for a jury, and upon a final hearing the damages as estimated by said commissioners shall not be reduced, the said corporation shall pay all costs caused by such application." It was decided by this court that this last section implied that, if the railroad corporation applied for a jury and succeeded in reducing the damages, they were not to pay costs; but that this was the extent of the im-

plication, and that in such case neither party could recover costs. *Commonwealth* v. *Boston & Maine Railroad,* 3 Cush. 55, 56. *Harvard Branch Railroad Co.* v. *Rand,* 8 Cush. 218. And the same rule was applied where the amount of the damages war reduced by the jury on the application of the landowner. *Gray* v *Lowell & Lawrence Railroad Co.* 4 Cush. 609. That section is reënacted in the Gen. Sts. *c.* 63, § 35.

The St. of 1841, *c.* 125, § 3, contained a new provision that " upon any application for a jury to assess such damages " (for the taking of land for a railroad) " the prevailing party shall be entitled to his legal costs, to be recovered in the same manner as in cases of applications for juries to assess damages occasioned by laying out highways, as provided in the twenty-fourth chapter of the Revised Statutes." All the rest of the St. of 1841 related to specifically compelling railroad corporations to construct and maintain embankments, drains, fences and other structures; the provision above quoted was inserted at the end of one of the sections in such a manner as not readily to attract attention; and that this provision, although in force when the cases just cited arose, was overlooked by the court, is manifest from two considerations. In 3 Cush. 55, Chief Justice Shaw expressly said, " The provision of the Rev. Sts. *c.* 39, § 62," (quoted above,) " is the only direct provision on the subject in the railroad act ; " and the two later cases were decided upon the authority of that case. And under the St. of 1841 neither of the three cases could have been decided as it was; for if, as is now argued for the town of Northampton, " the prevailing party " was the landowner who ultimately recovered some damages, he was entitled to recover costs; and if, as is argued for the railroad corporation, the corporation in whose favor the damages were reduced was " the prevailing party," that corporation was entitled to recover costs ; whereas the court held that, whether the application for a jury, on which the damages were reduced, was made by the landowner or by the railroad corporation, neither party could recover the costs of that application. That statute not having been brought to the notice of the court, those cases are of no authority upon the question of its effect. *Abbott* v. *Wiley,* 17 Pick. 325.

New Haven & Northampton Company & Littlefield *v.* Northampton.

The Gen. Sts. *c.* 63, § 22, reënact the provision of the Rev. Sts. *c.* 39, § 57, that either party dissatisfied with the estimate made by the commissioners of damages occasioned by laying out a railroad may " apply for a jury to assess the damages ; " add, in nearly the same words, the provision of the St. of 1841, *c.* 125, § 3 ; and declare that " upon such application the prevailing party shall recover legal costs." The construction of this clause, not being controlled by previous adjudications, is to be ascertained by considering the nature of the subject, the words used, and their established meaning in analogous cases.

It is to be considered, in the first place, that this is the case of the owner of property taken for public uses by the right of eminent domain under statutes which would be unconstitutional if they did not secure to him the right of trial by jury. It is not to be presumed, without clear words, that the legislature would afford to the citizen, whose property had been taken against his will, his constitutional right of having his damages assessed by a jury, only upon the condition of paying costs if the jury should assess them at a less sum than that estimated by public officers in whose appointment he had no greater share than any other citizen of the county, and whose estimate could not lawfully be made conclusive upon him.

Upon the laying out of a highway indeed, which is for the immediate benefit of the whole public, and in no part for the profit of a corporation, it is expressly provided that, if the jury do not increase the damages, the landowner applying for a jury shall pay the costs of the application. Gen. Sts. *c.* 43, §§ 24, 44. *Hamblin* v. *County Commissioners*, 16 Gray, 256. The railroad act contains no such provision, nor any other distinct allowance of costs against the landowner if any damages are assessed by the jury, except in the single case in which he persists in his application for a jury after a tender to him of the amount estimated by the commissioners, and fails to recover a greater sum. Gen. Sts. *c.* 63, § 35. All other cases fall under the general provision of § 22, that " upon such application the prevailing party shall recover legal costs."

The words "prevailing party," used in this statute, have a well settled meaning in the statutes regulating costs in actions at law. In those statutes, the general rule has long been that "the prevailing party" shall recover his legal costs against the other. St. 1784, *c.* 28, § 9. Rev. Sts. *c.* 121, § 1. Gen. Sts. *c.* 156, § 1. And the established construction of such statutes is, that if, on an appeal from a lower to a higher court, or a new trial in the same court, the plaintiff finally recovers any damages, though for a less amount than on the first trial, he is entitled to full costs, in the absence of any special restriction by statute. *Framingham Manufacturing Co.* v. *Barnard,* 2 Pick. 532. *Sawyer* v. *Bancroft,* 21 Pick. 210. *Stevens* v. *Hale,* 7 Met. 85. *Fitch* v. *Stevens,* 2 Met. 506. *Richardson* v. *Curtis,* 2 Gray, 497. In no case, we believe, is a plaintiff, who finally recovers anything in an action at law, obliged to pay costs to the defendant, except when, after not accepting an offer of judgment, he fails to recover a greater sum than that so offered. Gen. Sts. *c.* 129, § 63. His own right to recover costs is indeed restricted in some cases in which he puts the defendant to increased expense by pursuing him in a jurisdiction which the result shows that he was not justified in resorting to; as if he brings a suit in a court of superior jurisdiction, and recovers no more than he might have sued for in an inferior court; or if he appeals from the judgment of an inferior court in his favor, and recovers no greater sum in the court appealed to. Gen. Sts. *c.* 156, §§ 4, 5. *Lakeman* v. *Morse,* 9 Mass. 126. *Abbott* v. *Wiley,* 17 Pick. 323. *Joannes* v. *Pangborn,* 6 Allen, 243. *Heims* v. *Ring,* 11 Allen, 352. Upon a writ of review, the rule is different, because that is a new action, brought after a final judgment, and a party who does not obtain a more favorable judgment on the review than in the original action is not the prevailing party upon the writ of review. Gen. Sts. *c.* 146, §§ 33, 34. *Williams* v. *Hodge,* 11 Met. 266.

An application for a jury, by a party dissatisfied with the estimate of damages by the county commissioners, is not a new action, or a process to reverse or revise a judgment already rendered; but is only a step in the same case, which suspends

all proceedings to enforce the award of the commissioners until a verdict has been rendered or the right to a trial by jury waived. Gen Sts. *c.* 43, §§ 41–43. The Gen. Sts. *c.* 63, § 22, do not even say that the jury shall "revise" or "reassess," but that they shall "assess the damages." The original claim for damages is to be made out by the landowner, and tried by the jury, without any regard to the previous estimate of the commissioners. *Connecticut River Railroad Co.* v. *Clapp*, 1 Cush. 559. If a verdict is returned in his favor, for whatever amount of damages, he is the prevailing party, and as such entitled under the provisions of the railroad act to recover costs.

In the case of the town of Northampton, the judgment of the superior court was therefore right in refusing to the railroad corporation the costs of their application for a jury; but was erroneous in refusing to the town their costs upon that application, and must to this extent be reversed, and the superior court directed to tax such costs in their favor.

2. Littlefield, who, being dissatisfied with the estimate made by the commissioners of the damages occasioned by the taking of his land by the same railroad corporation, himself applied for a jury, and obtained from them an increased assessment, was still more clearly the prevailing party, and was rightly held by the superior court to be entitled to the costs of the application.

The only items in these costs, to which the railroad corporation, who appeal from the taxation in this case also, object, are those of the fees of the sheriff and jurors, and the term fee taxed for the hearing before the commissioners upon the issuing of the warrant for a jury.

The highway act provides that a party, aggrieved by the doings of the commissioners in laying out a highway or assessing the damages caused thereby, may apply for a jury; Gen. Sts. *c.* 43, § 19; that no jury shall be ordered until the petitioner gives a recognizance to the county for the payment of all costs and expenses which may arise in case the jury shall not alter the highway, nor increase the damages allowed by the commissioners; § 24; and that the officer presiding at the trial by the jury shall certify to the superior court the verdict and his own travel and

attendance and those of each juror. §§ 33, 36. The railroad act, in the same section which provides that either party, if dissatisfied with the estimate of the commissioners, may apply for a jury, that no jury shall be competent to alter any order as to the mode of constructing the railroad, and that upon such application the prevailing party shall recover legal costs, adds that the proceedings thereon shall be the same as is provided for the recovery of damages in the laying out of highways. Gen. Sts. *c.* 63, § 22. The provisions of the highway act, thus referred to, must be applied to proceedings in the matter of **rail**roads *mutatis mutandis*, with such changes as the difference in the nature of the two proceedings, or in other specific provisions of the statutes regulating the one or the other, may require. *Worcester* v. *County Commissioners*, 100 Mass. 103, 106. Upon this principle, a statute authorizing the taking of property by a corporation, and the assessment of damages by the commissioners, " subject however to an appeal to a jury from such assessment in the same manner and with like proceedings as in cases of assessments of damages by county commissioners for land taken for highways," has been held to give to the corporation, as well as to the owner of the property taken, the right to apply for a jury, although under the highway act the landowner alone could make such an application. *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602. In the railroad act, the right to apply for a jury is given to either party in express words. But the adapting, to such an application by either party, of provisions in the highway act, framed with a view to an application by one party only, is left to judicial construction. A recognizance cannot be required in the very terms of the highway act, because a jury under the railroad act has no power to alter the work ordered to be done by the commissioners, as well as because of the difference between the express provisions as to costs in the two cases, which we have already had occasion to consider in the earlier part of this opinion. The manifest object, and the only reasonable construction, of the Gen. Sts. *c.* 43, § 24, are that the party applying for a jury shall give a recognizance for the payment of all costs and expenses, accruing upon the application for a

jury, which that party may be legally liable to pay. The petitioner for a jury, upon whose application the sheriff and jury are employed and render services, is legally liable to pay their fees, in the first instance. *United States* v. *Ringgold*, 8 Pet. 150. *Baker* v. *Thayer*, 3 Met. 312. He has in this case entered into a recognizance to pay the costs arising upon such application, and the sheriff's and jurors' fees have been certified to the superior court, as required by the statutes. He is therefore entitled, as the prevailing party, to tax them as legal costs against the other party.

No objection is made to the taxation of a term fee among the costs of the hearing in the superior court. But the respondents object to the taxation of a term fee at the hearing before the commissioners upon the issuing of a warrant for a jury; and we are of opinion that it should be disallowed. The Gen. Sts. c. 156, § 27, allow the taxation of term fees in this court and the superior court only. The provision of § 16, that " in suits in equity and other civil suits and proceedings in which no provision is expressly made by law, the costs shall be wholly in the discretion of the court, but no greater sum shall be taxed than is allowed for similar charges in suits at common law," warrants the allowance of a term fee in any such suit or proceeding before either of the courts in which such an item is taxable, but does not authorize it to be taxed upon hearings before county commissioners or a sheriff's jury, any more than on hearings before referees. See *Jones* v. *Carter*, 8 Allen, 431.

3. For a like reason, it would seem that no term fee, attorney's fee, travel or attendance, should be allowed in the taxation of costs upon the original application before the commissioners in either of these two cases. But the statutes, while they provide for the taxation of the costs arising upon the application for a jury by the court to which the verdict is returned, give that court no power over the costs of the original application to the commissioners, and direct that those costs be taxed by the commissioners themselves. Gen. Sts. c. 43, §§ 23, 41, 45 · c. 17, §§ 25, 27. It is only the proceedings upon the warrant for a jury, which become matter of record in the superior court,

or subject to revision in this court by appeal or exceptions. The original proceedings before the commissioners are not according to the course of the common law, and can be revised by *cer-. tiorari* only. *Commonwealth* v. *Carpenter*, 3 Mass. 268. *Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. 496. *Walker* v. *Boston & Maine Railroad*, 3 Cush. 14–17. *Fitchburg Railroad Co.* v. *Same*, Ib. 76–78. The costs upon the original application to the commissioners must therefore be stricken out of the bill of costs as taxed in the superior court in each of these cases.

4. The remaining question is of the costs of the appeals from the superior court to this court. The Gen. Sts. *c.* 156, § 26, provide that the court before which an appeal from the taxation of costs is heard may allow to either party, as justice may require, the costs incurred by the appeal. On each of these appeals, the landowner has prevailed upon the principal matter in dispute, being the right to tax his costs upon the application for a jury in the first case, and the right to include in those costs the fees of the sheriff and jurors in the second case. Justice therefore requires that the costs of this court should be taxed in both cases against the railroad corporation.

The result in each case is that the taxation of costs in the superior court must be reformed in accordance with the opinion of this court, and a certificate of such costs, including the costs taxed in this court, and of the damages assessed by the jury, with interest, transmitted to the county commissioners, in order that they may tax the costs of the original application to them, and, if necessary, issue a warrant of distress for the amount of the damages, with interest, and all the costs. Gen. Sts. *c.* 63, § 33. *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 56–58. *Fitchburg Railroad Co.* v. *Same*, Ib. 90. *Parker* v. *Same* Ib. 120, 121.        *Judgments accordingly.*

*W. Allen*, for the New Haven and Northampton Company
*C. Delano*, for the Inhabitants of Northampton.
*D. W. Bond*, for Littlefield.