PETER RILEY *vs.* CITY OF LOWELL.

Middlesex.    January 13, 1875.    AMES & ENDICOTT, JJ., absent.

Under the St. of 1869, *c.* 351, § 7, providing that all persons damaged by the exer-cise of the powers thereby conferred on the city of Lowell to supply itself with water "shall have the same remedies as are provided by the Gen. Sts. *c.* 43 for persons damaged by the laying out of highways," a person claiming damages for acts done by the city under the statute should first proceed by petition to the county commissioners to assess his damages, notwithstanding the St. of 1873, *c.* 261, allowing a trial by jury to be applied for and had in the Superior Court; and in case he begins by petition to the Superior Court, the objection to its jurisdic-tion may be taken at any stage of the proceedings.

PETITION to the Superior Court for a jury to assess the dam-ages alleged to be done by the respondent in the construction of its water works.

No evidence was introduced at the hearing other than as appeared on the face of the papers in the case; but it was admitted that there had been no estimate of the petitioner's damages made by the county commissioners.

Upon the reading of the papers, the respondent moved to dismiss the action, on the ground that the case in the first instance had not been brought before the county commissioners for an estimate of the damages of the petitioner.

On this motion the judge dismissed the petition, and the petitioner alleged exceptions.

*T. Wentworth & R. B. Caverly*, for the petitioner.

*J. F. McEvoy*, for the respondent.

GRAY, C. J.    The St. of 1869, *c.* 351, § 7, provides that all persons damaged in their property by any acts done in carrying into effect the powers granted to the city of Lowell by that statute for the purpose of supplying the city with water, shall have the same remedies as are provided in *c.* 43 of the Gen. Sts. for persons damaged by the laying out of highways.    Such damages must therefore be estimated by the county commissioners in the first instance, and a trial by jury can only be had upon an application in the nature of an appeal from their decision.    Gen. Sts. *c.* 43, §§ 14, 19.    *Worcester* v. *County Commissioners*, 100 Mass. 103, 106.    The St. of 1873, *c.* 261, allowing a trial by jury to be applied for and had in the Superior Court, instead of upon the warrant of the county commissioners and under the superintendence of the sheriff, does not dispense with the previous estimate of damages by the county commissioners as a necessary prerequisite to any application for a jury.    In the present case, no such action of the county commissioners having been had, the Superior Court had no jurisdiction of the subject matter, and the objection might be taken at any stage of the proceedings.

*Exceptions overruled.*