HENRY L. ALDRICH *vs.* THE CITY OF PROVIDENCE.

A general statute provided: "In civil causes at law, the party prevailing shall recover costs, except where otherwise provided."
*Held,* that "civil causes" included proceedings under a special statute to obtain compensation for condemned land.

SPECIAL STATUTORY PROCEEDINGS. On motion for judgment.

*August* 2, 1887. PER CURIAM. This is a petition to recover damages for land taken by the city of Providence for a public park, under a special statute. Pub. Laws R. I. cap. 431, of May 2, 1884. The court has decided against the claimant, and the question is whether judgment shall go against him with or without costs; his claim being that no costs are allowable in such a

proceeding, unless there is provision for allowing them in the special statute, which here there is not.   The cases cited show that this is the English rule, and the rule of some of the states, but it does not appear that there is in England or in those states any general statutory rule like ours.   The general statutory rule in Massachusetts is, that in " civil actions " the party prevailing shall recover his legal costs, and it has been held that this rule cannot be extended, by any reasonable construction, to proceedings like the proceeding here.   *Hampshire, &c. Canal Co.* v. *Ashley*, 15 Pick. 496; *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116.   The rule prescribed by our statute is : " In civil causes at law, the party prevailing shall recover costs, except where otherwise provided."   Pub. Stats. R. I. cap. 217, § 1. The rule is capable of a more liberal construction than the Massachusetts rule, " civil causes " being terms of wider meaning than " civil actions."   In *Wheeler* v. *Wheeler*, 2 R. I. 1, a probate appeal was held to be a civil cause within the meaning of the rule. We think the rule should be liberally construed, and should be held to apply to proceedings like this under special statutes, unless the special statutes themselves make express provision for costs.   Judgment will be entered for the city, with costs.

*James Tillinghast*, for petitioner.

*Nicholas Van Slyck*, City Solicitor, for respondent.