FRANK C. BILL *vs.* CHARLES F. BOYNTON & another.

Suffolk. January 13, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Taxation of Costs — Joint Action against Maker and Indorser of Promissory Note — Answer — Costs of Appeal.*

If, in an action against the maker and the indorser of a promissory note, begun in a municipal court, the defendants answer jointly, and, upon appeal to the Superior Court from judgment in their favor, they sever in their answers in that court, setting up different defences, they are entitled, upon prevailing, to separate costs in that court; and having prevailed upon an appeal to this court, they are to be allowed the costs of that appeal also.

APPEAL, from a taxation of costs in an action of contract begun in the Municipal Court of the city of Boston against the

maker and the indorser of a promissory note, and in which one answer was filed for both defendants. Judgment was rendered for the defendants, and the plaintiff appealed to the Superior Court. Only one bill of costs was taxed for the defendants in the Municipal Court.

In the Superior Court, the defendants filed separate answers, setting up the same defence, and the indorser setting up an additional defence of no notice of non-payment by the promisor. At the trial, without a jury, the court found for the defendants. A separate bill of costs was taxed by the clerk for each defendant, and, on appeal to the court, the taxation was affirmed ; and the plaintiff appealed to this court.

*J. W. Keith,* for the plaintiff.

*G. R. Nutter,* for the defendants.

HOLMES, J. " One of the defendants was sued as promisor, and the other as indorser, of a note ; and though by statute they may be sued jointly, yet they must defend separately. The court properly held that each was entitled to tax his costs." *Taylor* v. *Jaques,* 109 Mass. 270. The distinction suggested between the present case and that is, that in this the defendants answered jointly in the Municipal Court and severally in the Superior Court only. It is said that, having elected to plead jointly, they must stand by their election. If this were true, it should have been urged as a reason for not allowing the defendants to plead severally. But there was no such conclusive election. Pub. Sts. c. 155, § 28 ; c. 154, §§ 39, 43. *Jaha* v. *Belleg,* 13 Allen, 78, 80. The defences were several in their nature, even if presented jointly ; and when the defendants came to file written answers, they had a right to make them several in form as well as in fact. On this point the case is stronger, if anything, in favor of the defendants, than an action for a joint tort, and in cases of that sort it is settled that, if defendants who have joined below sever on appeal, they may be allowed several costs from the time of pleading severally. *Fales* v. *Stone,* 9 Met. 316, 318. *West* v. *Brock,* 3 Pick. 303. See *Prescott* v. *Bartlett,* 43 N. H. 298. In the taxation appealed from, there was no attempt to tax the plaintiff twice for expenses incurred for the common benefit. *Davis* v. *Hastings,* 8 Cush. 313, 315. *Fales* v. *Stone,* 9 Met. 316, 318.

The defendants, having prevailed upon this appeal, are to be allowed the costs of this also.   Pub. Sts. c. 198, § 27.   *O' Connell* v. *Bryant*, 126 Mass. 232.   *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, 126.

<div align="right">

*Taxation affirmed, with costs of appeal.*