MARY C. WHITE vs. COUNTY OF FRANKLIN.

Franklin.    September 17, 1930. — February 24, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Petition for land damages. *Eminent Domain. Damages,* For property taken or damaged under statutory authority.

A petition under G. L. c. 79, § 14, for the assessment of damages resulting from a taking of the petitioner's land by eminent domain by the respondent is in the nature of an appeal from the award of damages by the respondent and vacates that award.

A landowner, who, after his land had been taken by eminent domain and an award of damages made, brought a petition for the assessment of his damages under G. L. c. 79, § 14, at the trial of which there was a verdict in his favor in a sum less than the award, was not entitled to have judgment entered for the amount of the award less the respondent's costs; judgment should be entered on the verdict, the respondent to recover its costs.

PETITION, filed in the Superior Court on November 15, 1928, for the assessment of damages resulting from a taking of the petitioner's land by eminent domain by the respondent.

At the trial before *Lummus*, J., the jury assessed the damages in the sum of $432. The petitioner filed the following motion:

"Now comes defendant and respectfully shows unto court that damages assessed by the jury were less than the award.

"Wherefore plaintiff moves that judgment be ordered for defendants costs."

The judge denied the motion and ordered judgment on the verdict. The petitioner filed the following appeal:

"Now comes the plaintiff in the above entitled action and being aggrieved by the refusal of the court to enter verdict on the award instead of on the jury verdict and to order costs for the defendant appeals to the Supreme Judicial Court and prays that her appeal may be allowed."

*W. A. Davenport,* (*W. L. Davenport* with him,) for the petitioner.

*P. H. Ball,* for the respondent.

Rugg, C.J. Land of the petitioner was taken for a highway by the respondent by eminent domain. The county commissioners awarded her $500 as damages. She petitioned for the assessment of her damages by a jury. The jury assessed her damages in the sum of $432. As we interpret the record, she then moved in effect that judgment be entered for the amount of the award of the county commissioners less the costs of the respondent. That motion was denied. Judgment was entered on the verdict. She appealed. Procedure governing the rights of the parties is set forth in these sections of G. L. c. 79, § 6. "When a taking is made on behalf of the commonwealth, or of a county, city, town or district, the board by whom the taking is made shall, at the time when the order of taking is adopted, award the damages sustained by persons in their property by reason of such taking." § 14. "A person entitled to an award of his damages under this chapter or the body politic or corporate bound to pay the same . . . may petition for the assessment of such damages to the superior court of the county in which the property taken or injured was situated." § 16. "A petition for the assessment of damages under section fourteen may be filed within one year after the right to such

damages has vested . . ." § 22. "The trial shall be by the court unless one of the parties within the time prescribed in actions at law files a notice that he desires a trial by jury; . . . Judgment shall be entered and execution issue as in actions at law." § 36. "No petition brought under section fourteen shall be discontinued except by leave of court or by agreement of all the parties thereto; and any party thereto may prosecute the same." § 38. "In all proceedings brought under section fourteen, if a petition is filed after an award of damages has been made and the damages are increased, or if no award has been made and the petitioner is found to be entitled to damages, he shall recover costs, which shall be taxed as in actions at law; otherwise he shall pay costs." § 41. "If no petition under section fourteen is filed within the time limited, the award of damages shall be final and the amount thereof shall be paid upon demand, and if not so paid may be recovered in an action of contract." The foregoing statutory provisions bear the plain implication that the petition for a trial by jury is in the nature of an appeal from the initial award. That has been the holding of this court for a century and a third under statutes touching the same subject, and on this point differing in no essential particular from the present § 14. As early as 1798, it was said of St. 1786, c. 67, § 4, that "the application for a jury is very clearly in the nature of an appeal." *Brown* v. *Haverhill,* 3 Dane Abbr. 263, 264. The force of that decision in this respect is not shaken by *Gilman* v. *Haverhill,* 128 Mass. 36. Substantially the same determination has been made in numerous, subsequent adjudications concerning this or closely analogous statutes. *Morss* v. *Boston & Maine Railroad,* 2 Cush. 536. *Fitchburg Railroad* v. *Boston & Maine Railroad,* 3 Cush. 58, 80, 83. *Worcester* v. *County Commissioners,* 100 Mass. 103. *Riley* v. *Lowell,* 117 Mass. 76. *Drury* v. *Midland Railroad,* 127 Mass. 571, 577–578. *Danforth* v. *Groton Water Co.* 176 Mass. 118. Nothing contrary to this was decided in *Fall River Railroad* v. *Chase,* 125 Mass. 483, where a different point was presented for determination.

It is the essence of an appeal of this nature that it vacates the action from which appeal is taken. Unless otherwise provided by the statute, that action can be restored only by order of the superior tribunal. It would be contrary to every dictate of fair dealing in the conduct of litigation to give to one party the right to elect his most advantageous course after the public and his opponent have been put to the expense of a jury trial. See *Keown* v. *Keown,* 231 Mass. 404.

The right of appeal for a trial by jury is given both to the landowner and to the body politic or corporate in whose behalf the land has been taken. Each may file a petition to that end. *Davidson* v. *Boston & Maine Railroad,* 3 Cush. 91, 101. *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107, 111. If one appealing party may elect between the award and the verdict, equality before the law would require that the other have the same right. See *Sawyer* v. *Commonwealth,* 182 Mass. 245, 247. Thus one might elect the award, the other the verdict, a predicament from which there would seem to be no escape. A statute ought not to be given an interpretation leading to such a possible result.

The persuasiveness of decisions from other jurisdictions may be weakened by differences in statutes regulating the exercise of eminent domain, which we have not examined. Such decisions seem to hold uniformly that the jury verdict supersedes the earlier award. *Ringle* v. *Board of Freeholders,* 27 Vroom, 661. *Ennis* v. *Wood River Branch Railroad,* 12 R. I. 73. *Spies* v. *Chicago & Milwaukee Electric Railroad,* 148 Wis. 35. *Cape Girardeau & Chester Railroad* v. *Blechle,* 234 Mo. 471, 481. *Schuylkill Railroad* v. *Harris,* 124 Penn. St. 215.

It follows that the motion of the petitioner was denied rightly. Judgment on the verdict was the correct order to make. The accompanying consequence must be that the petitioner will not be entitled to costs and that the respondent will recover costs.

*Denial of motion and order for judgment affirmed.*