OTIS DRURY & another *vs.* CITY OF BOSTON.

A city having passed an order to take land for a street, the owner petitioned for a jury to assess damages for taking the land, but before the case was submitted to a jury the order became void, under the St. of 1862, *c.* 203, by reason of the lapse of two years from its date without possession having been taken of the land for the construction of the street, or damages awarded. *Held,* that the landowner could not recover under this petition the indemnity allowed by the Gen. Sts. *c.* 43, § 14, for trouble and expense occasioned by proceedings to take land in cases where no entry is made thereon.

· PETITION to the superior court to have the damages occasioned by taking the land of the petitioners to widen Hamiltcn Street, in Boston, assessed by a jury.

The city council of Boston, on January 5, 1867, passed an order to widen Hamilton Street by taking part of the petitioners' land, but did not award the petitioners any damages. The petitioners applied to the board of aldermen of Boston to assess and award damages for taking the land, but the board refused to award them any damages. Thereupon, before the expiration of a year from the taking of the land, the petitioners filed this petition. The city of Boston never entered upon the land so taken, nor did any act thereon for the purpose of making a street over the land; and never in any way interfered with the possession of the land by the petitioners. Two years from the taking of the land for widening the street expired before the case was submitted to a jury.

The case was submitted upon these facts, which were agreed; if upon them the petitioners were entitled to have a jury assess their damages for the taking of their land, then the case to be sent to a jury; but if the petitioners were not entitled to go to a jury, then the court to render such judgment as the law and the facts required. The superior court ordered judgment for the respondents, and the petitioners appealed.

*J. G. Abbott,* for the petitioners.

*C. H. Hill,* for the respondents.

AMES, J. It was for a long time a part of the law of this Commonwealth that the formal order or vote of county commissioners, or other proper authority having similar jurisdiction, locating and laying out, or widening and altering, a public highway or town way, was such an appropriation of the land, embraced in it, to public use, as would of itself give to the owner of such land a right to damages, without waiting for it to be entered upon, or for his possession of it to be disturbed. In one case it was decided that this right was so vested that it could not be defeated or taken away by a subsequent discontinuance of the way, although in fact the possession of the owner had never been interrupted, and the appropriation of his land, though complete on paper, had never been carried into practical effect. *Harrington* v. *County Commissioners,* 22 Pick. 263. To remedy this evil, the St. of 1842, *c.* 86, was passed

and the rule was established that the damages in such cases shall not be actually paid to the landholder until the land so taken for public use has been entered upon and possession taken for the purpose of constructing the proposed road or making the proposed alteration. The provisions of this statute are incorporated in the Gen. Sts. *c.* 43, § 14.

But all the regulations on the subject of damages, including the limitation of time within which the landowner must petition to have them assessed by a jury, remain exactly as if there was no provision postponing their actual payment until the entry upon the land for the purpose of constructing the road. It was necessary, therefore, for the petitioners in this case, as they were dissatisfied with the determination of the board of aldermen not to allow them any damages for such of their land as should be taken by the proposed widening of Hamilton Street, and as they chose to have the matter passed upon by a jury, to file a petition to that effect within one year from the date of the order or vote. But the law, as it stood before the St. of 1862, *c.* 203, left petitioners in such cases liable to the embarrassment of being delayed an indefinite and perhaps a long time, after their damages had been ascertained by an assessment by the jury, before they were entitled to demand payment. In the case of valuable property in cities or populous places, it is easy to see that this inconvenience might well be not only embarrassing but oppressive. The landowner in such a case would find it difficult to sell or lease the property, and would hardly venture on improvements or any arrangements of which permanence was to be one element, with the knowledge that he would be liable at any moment to be disturbed in his possession by the public authorities. Before that statute was passed, the public authorities apparently were at liberty to take their own time for entering and beginning the work of construction. That statute provides that the laying out or alteration of any highway, &c., shall be void as against the owner of any land over which the same shall be located, unless within a reasonable time, not exceeding two years, after the same shall have been laid out or altered, possession shall be taken of such land for the purpose of con-

structing, &c., or the damages awarded the owner of the land shall be paid or tendered.

The position, then, of the landowner, in the present state of the law, is, that for the period of two years it may be impossible for him to know whether his land is really taken for the public use or not, but he is obliged to act upon the assumption that it is. He must claim damages of the city authorities; if dissatisfied, he must appeal to a jury; he obtains their verdict, and waits till the two years have expired, and then he may find that, after all this labor and litigation, his land is not taken at all. The petitioners, finding themselves in exactly this predica-ment, now seek to avail themselves of the provision of the Gen. Sts. *c.* 43, § 14, that, "when a person so claiming damages has been put to trouble and expense by the proceedings, the commissioners shall allow him an indemnity therefor, although no entry is made upon his land." As, by the omission of the city in this case to take possession of the petitioners' land within two years, the proposed widening has become void as against them, and their land turns out not to be taken, they claim that they are entitled, upon the petition now before us, to the indemnity provided for in the last quoted statute, and to have the amount of that indemnity assessed by a jury.

Assuming that the statute provision applies to the case of laying out and altering highways by the city authorities, we should still find very serious difficulty in coming to the conclusion that such indemnity can be held to be recoverable under the present petition. The proceedings were begun for a different purpose. The petition is before us now in the shape of an appeal from the decision of the aldermen. But the question upon which that body passed was a different one from that which the petitioners now desire to submit to a jury. They have decided that it would be no damage to the petitioners to take so much of their land as would be included in the proposed widening of Hamilton Street. They have not decided, and have had no opportunity to consider the question, as to what trouble and expense they have been put to by a proceeding which for the term of two years has kept them in uncertainty

whether their land was to be taken or not, and has ended in not taking it at all. This latter question obviously depends upon very different considerations. They may have thought, on the question of land damages, that there were benefits and advantages to be set off against the value of the land intended to be taken, a matter which obviously would have no application to the case in its present shape. We cannot know that their decision on the question now presented by the petitioners would not have been satisfactory to them.

The provision on the subject of costs we think entirely decisive on this matter. They are made to depend on the contingency of the jury's increasing the damages awarded in the earlier stage of the case; a form of expression clearly importing that the damage to be assessed by the jury is to be compared with the award for the same thing by the commissioners. If the city authorities had awarded as land damages the sum of one thousand dollars, for example, and then, finding that the land at the end of two years is not actually taken, the petitioners should prove that their trouble and expense from the proceedings (abortive as they had proved to be) amounted to five hundred dollars, it would be impossible to say whether the jury placed a higher or lower estimate on the land damages, for on that point they would not have passed at all; and it would be also impossible to say that they had increased the indemnity for trouble and expense, for upon that point there had been no preliminary finding by the tribunal appealed from. The statute plainly considers the land damages, and the indemnity for inconvenience and expense occasioned by proceedings under which no entry is made, as entirely different things, depending on different considerations, and not to be presented as alternative claims in the same process. In our judgment the petitioners must begin *de novo*, and we must order the present

*Petition to be dismissed.*