EDWIN M. BIGELOW *vs.* CITY OF BOSTON.

Suffolk.    March 23. — May 6, 1876.    DEVENS & LORD, JJ., absent.

Upon a petition to the Superior Court for a jury to revise an assessment of a betterment, the burden is upon the petitioner to show that the assessment was excessive.

Upon exceptions by the petitioner to the ruling in the Superior Court upon a petition for the revision of an assessment of a betterment, a question, not raised by the bill of exceptions, as to the jurisdiction of the board making the assessment, cannot be considered.

PETITION under the St. of 1871, *c.* 382, § 7, to the Superior Court for a jury to revise an assessment of a betterment, made by the board of aldermen of the city of Boston, upon the estate of the petitioner, fronting on Shawmut Avenue, part of which was taken to widen that street. Trial before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

By an order passed by the board of aldermen of the city of Boston on August 29, 1870, and approved by the mayor on October 10, 1870, Shawmut Avenue was widened and extended from Dover Street to Tremont Street, taking a part of the petitioner's land. On October 7. 1872, the board of aldermen ad-

judged the benefit and advantage to the remainder of the petitioner's land thereby to be $10,000, and assessed thereon $5000. The petitioner having the opening and the closing argument, the judge ruled and instructed the jury, pursuant to a request by the respondent, that the burden of proof was on the petitioner to prove that he was aggrieved by said adjudication and assessment, and that his land was not benefited, or not benefited to the extent adjudged by the board of aldermen. The jury returned a verdict that the petitioner's estate had been benefited in the sum of $10,000, and assessed damages against him in the sum of $5000. The petitioner alleged exceptions to the above ruling.

*E. M. Bigelow*, pro se, contended, in addition to the point raised by the bill of exceptions, that under the Sts. of 1871, c. 217, § 1; c. 382, § 1; all power to make assessments vested exclusively in the board of street commissioners, that the board of aldermen acted without authority, and that the Superior Court had no jurisdiction of the petition.

*J. L. Stackpole*, for the respondent.

MORTON, J. The only question raised by this bill of exceptions is as to the correctness of the ruling that the burden of proof was on the petitioner to prove that he was aggrieved by the adjudication and assessment by the board of aldermen, and that his land was not benefited to the extent adjudged by the board.

We are of opinion that this ruling was correct. The petition to the Superior Court, provided for by the St. of 1871, c. 382, § 7, is in the nature of an application for the abatement of a tax. *Boston Seamen's Friend Society* v. *Boston*, 116 Mass. 181. It is not like an appeal at common law, which vacates the judgment appealed from and reopens the whole case in the appellate court. Upon this petition the Superior Court has no power to increase the tax assessed upon the petitioner; the only authority it can exercise is to abate or reduce the assessment if it is shown to be excessive. *Lowell* v. *County Commissioners*, 3 Allen, 546. If for any reason the petition for an abatement is not prosecuted, the original assessment stands and creates a lien upon the land. The petition alleges that the assessment is excessive. Upon this issue the petitioner is the plaintiff or actor; he has the affirmative, and the burden of proof is upon him to maintain his allegations.

The petitioner has argued the point that the board of aldermen had no authority to make the assessment in question; but this point was not raised in the Superior Court and is not involved in the decision of these exceptions. If, as is now claimed by the petitioner, the action of the board of aldermen was without authority and all the proceedings upon his petition in the Superior Court were *coram non judice* and void, he was not aggrieved by the ruling that the burden of proof was upon him. His right to test the validity of the action of the board of aldermen in the proper mode is not affected by the ruling. We are not required to consider this question in this case, in which no judgment can be rendered, quashing or vacating the proceedings of the board of aldermen. The legality of their action should be tried by certiorari, or some other proper mode of proceeding.

*Exceptions overruled.*