ROBERT HITCHCOCK *vs.* BOARD OF ALDERMEN OF SPRING FIELD.

ISAAC P. DICKINSON *vs.* SAME.

ELBRIDGE BARTON & another *vs.* SAME.

Hampden.    Sept. 27. — Dec. 12, 1876.    COLT & MORTON, JJ., absent.

Under the St. of 1871, c. 382, § 1, which provides that " at any time within two years after any street, highway or other way is laid out, altered, widened, graded or discontinued," an assessment may be made upon real estate, which has received " benefit and advantage therefrom, beyond the general advantages to all real estate in the city or town, where the same is situated," such an assessment must be laid within two years from the passage of the order to lay out, alter, grade or discontinue.

The filing of a petition in the Superior Court to abate an assessment for betterments will not prevent the filing of a petition for a writ of certiorari, to test the legality of the assessment.

A street was laid out by order of the board of aldermen and city council of a city on October 21, 1872, but no change was made in its grade until May 25, 1874, when a sidewalk was established on each side of the street, and the roadway raised to correspond with the sidewalks. On December 20, 1875, an assessment for betterments under the St. of 1871, *c.* 382, § 1, for the laying out and grading, was made upon abutters. Another street was laid out by an order passed December 5, 1871, an additional order for grading passed on February 16, 1872, and an assessment for betterments laid on October 19, 1874. Another street was relaid, by an order passed on June 24, 1872, and grading was done, without an additional order, to adapt the street for travel, and an assessment was laid on October 19, 1874. *Held,* that each assessment was invalid.

THREE PETITIONS for writs of certiorari. *Colt,* J., reserved the several cases for the consideration of the full court upon the petitions, answers and facts found, the substance of which appears in the opinion.

*A. M. Copeland & M. P. Knowlton,* for Hitchcock.

*H. Morris & W. L. Smith,* for the other petitioners.

*A. L. Soule,* for the respondents.

DEVENS, J. The proceedings, of which these petitioners complain, related to the laying out and grading of three distinct streets in the city of Springfield. If we assume, as contended by the respondents, that these proceedings were all under the St. of 1871, *c.* 382, familiarly known as the betterment law, an assessment might properly have been made, upon the estate of each of the petitioners, for the laying out or grading of the respective streets to which they relate; and the petitions all present the inquiry at what time such an assessment may be imposed — whether, as contended by the respondents, it may be imposed at any time within two years after the work of laying out, or work of laying out or grading, is completed, even if more than two years have expired since the order for such work was made; or whether it must be imposed within two years after such order.

The St. of 1871, *c.* 382, § 1, provides that "at any time within two years, after any street, highway or other way is laid out, altered, widened, graded or discontinued," an assessment may be made upon real estate which has received "benefit and advantage therefrom, beyond the general advantages to all real estate in the city or town where the same is situated," and also that such assessment shall not "be made until the work of laying out, altering, widening and grading is completed, or discon-

tinuance made." Within the meaning of this statute, a street is "laid out, altered, graded," &c., when the order to lay out, alter or grade is passed by the competent authority. The date of the passage of such an order fixes the time from which the rights of the parties are to be determined, and when the limitation of two years begins to run. The land then becomes liable to the assessment, and although such assessment must necessarily be made at some subsequent time, and cannot, under the statute, be made until the work of laying out or grading is completed, the benefit and advantage accrue at the time of the passing of the order, and, whenever the assessment is made, is to be estimated as of that date. *Jones* v. *Aldermen of Boston*, 104 Mass. 461, 465. In the St. of 1869, *c.* 367, (for which, with other statutes, the St. of 1871, *c.* 382, is a substitute,) it is expressly provided that such assessments shall be laid within two years "after the passage of the order for the laying out, widening, extending, discontinuing, grading," &c., "and not afterwards." No change in this respect was intended by the later statute, but the change intended was made by the provision which was added, that such assessment should not be made "until the work of laying out, grading," &c., was completed. When, in the earlier clause of the St. of 1871, *c.* 382, § 1, the way is spoken of as "laid out" or "graded," it is obvious that something different is meant from the latter clause, where the phrase, "the work of laying out," or "grading," is used.

The construction contended for by the respondents, that the assessment may be made at any time within two years after the work is completed, without reference to the date when the order was passed, seems to us hardly reasonable, or consistent with the general character of the legislation on this subject. Under such a construction, the work of laying out or grading might be extended through an indefinite period, and the estate still be liable, when it was completed, to assessment. From the time of the passage of an order, such as the statute contemplates, the estate is subjected to an incumbrance, the extent of which is unknown; and it is not difficult to believe, as argued by the petitioners, that from that time, until the assessment is made, such estate can only be sold with difficulty and at great disadvantage, as neither buyer nor seller can accurately estimate the incumbrance which

is upon it. It is for this reason that the Legislature has enacted that the assessment shall be made within two years from the laying out or grading, meaning thereby the passage of the order so to do, and, because the assessment is to be of a proportional share of the expense, it has further enacted that it shall not be made until the work of laying out or grading is completed.

The St. of 1869, *c.* 303, provides that the laying out of any highway, &c., shall be void as against any owner of land over which the same may be located, unless possession shall be taken for the purpose of constructing the same within two years. This statute illustrates the use of the words "laying out," as we deem the words "laid out, graded," &c., to have been used in the St. of 1871, as referring to the order to lay out; and it also indicates the intent of the Legislature that lands shall not be subjected for an unreasonable length of time to the incumbrance imposed by such an order.

The respondents further contend that an assessment for betterments is authorized under the St. of 1871, at any time within two years after the work of grading a street has been completed, even if there has been no special order for such grading, and if the work has been done by the authority of the superintendent of streets, simply in the exercise of his discretion. But such changes of grade as occur by the ordinary repair of highways or streets, under the direction of street superintendents or highway surveyors, are not to be made the subject of an assessment of betterments. In order that there should be an authority to assess betterments, there must be a formal order of the competent authorities entitled to make, not only those changes in grade incidental to repair, but changes so important in their character that they may seriously affect abutters and those whose estates are in the vicinity. Section 5 provides that the owner of any real estate which may abut on any street which may be laid out, graded, &c., may, at any time before the estimate of damages is made, give notice of his objection to assessment, and of his election to surrender his estate to the city or town where it is situated. Here, as in § 1, the words "laid out" and "graded" must refer to an order to "lay out," or to "grade." Unless such an order were passed, and without the interval of time that would

elapse between its passage and the estimate of damages, the land-owner would have no opportunity to avail himself of this important privilege.

It is further contended by the respondents, in the *cases of Dickinson* and of *Barton & others*, that by filing their several petitions for the abatement of their assessments in the Superior Court, the petitioners have so acquiesced in the legality of such assessments that they should not be permitted now to show, in this proceeding, that they were erroneous. But the petitioners had two grounds of objection to the assessment: that no assessment could properly have been made upon their estates, and also that, if properly assessed, the assessment was too large in amount. Each of these questions they had a right to have tried by the appropriate tribunal, and both could not have been included in a single proceeding. It might have been that, before there could have been a final adjudication of the validity of any assessment, the time, which was limited to a year, within which they must petition the Superior Court for an abatement, would have expired. They were justified, therefore, in filing such petitions promptly. Because such petitions do not bring into controversy the legality of the assessments, and, for the purpose of a hearing upon them, it is thus impliedly admitted, it should not be held that the petitioners have waived their other and distinct right to have the legality of such assessments passed upon. There has been no laches in filing the petitions now before us, and in presenting the petition for abatement to the Superior Court. The respondents have been subjected to no further expenses than are usually incurred by parties who are summoned to appear in court.

We proceed to apply these considerations to the several petitions before us.

1. In the *case of Hitchcock*, Sharon Street was laid out October 21, 1872, by order of the board of aldermen and common council of the city of Springfield, but no change was made in its grade until May 25, 1874, when a sidewalk was, by order of the same authority, established on each side of the street, and subsequently the roadway was raised to correspond with the sidewalks. On December 20, 1875, the assessment for laying out and grading Sharon Street was made. If the grading was there-

fore to be treated as a part of the laying out, the assessment for both was more than two years from such laying out. If not a part of the laying out, there was no order for the grading, which could be the basis of an assessment for betterments. The respondents had therefore no power to assess betterments for grading alone, so that it is unnecessary to consider whether it might now be ordered, if they had such power, to so correct the assessment as to limit it to those for grading. Nor does the fact that the petitioner, as one of the abutters, had petitioned for damages by reason of the change of grade, estop him from contending that his estate is not liable to the assessment for betterments which the respondents has made. The proceeding of the respondents in assessing the estate of Hitchcock was therefore erroneous.

2. In the *case of Dickinson*, Fort Pleasant Avenue was laid out by an order passed December 5, 1871, and an additional order for grading the same street was passed on February 16, 1872. The assessment for betterments on account of such laying out and grading was not made until more than two years after the date of the last order, namely, on October 19, 1874, and was consequently erroneous.

3. In the *case of Barton & others*, an order was passed, relaying the X road, so called, on June 24, 1872. There was no additional order for grading, but the grading was done apparently as a part of the work of adapting the road for travel. The assessment for betterments was not made until more than two years after the order for relaying the road, namely, on October 19, 1874, and was consequently erroneous.

The result is that in each case the

*Writ of certiorari must issue.*