JOHN R. WILLIAMS & another *vs.* CITY OF TAUNTON.
EDWIN WILLIAMS *vs.* SAME.
ALEXANDER H. WILLIAMS *vs.* SAME.

Bristol.   Oct. 25, 1878. — Feb. 26, 1879.   ENDICOTT & LORD, JJ., absent.

A person who applies to the Superior Court, under the St. of 1873, *c.* 261, for a jury to assess the damages occasioned by the taking of his land by a city, under the St. of 1875, *c.* 217, is under no obligation to enter into a recognizance for costs, and, if the jury award him a sum smaller than that previously awarded by the county commissioners, the city is not entitled to judgment for costs; and, on an appeal by the city from an order disallowing its motion for costs, if the order is affirmed, the costs of the appeal are to be taxed against the city.

SOULE, J.   The petitioners in these cases, having been injured in their property by the action of the respondent in taking land, under the St. of 1875, *c.* 217, applied to the county commissioners to assess their damages; and, being dissatisfied with the amount awarded, filed their petitions in the Superior Court, under the St. of 1873, *c.* 261, for assessment of their damages by a jury. In each case a verdict was returned for the petitioners for a smaller sum than the county commissioners awarded. The respondent moved for judgment for costs. The court overruled the motion, and the respondent appealed.

It is provided by the St. of 1875, *c.* 217, § 2, that any person injured in his property under that statute, and failing to agree with the city of Taunton as to the amount of damages, may have the same assessed and determined in the same manner as is provided where land is taken for highways.

It was early held that the statute provision giving costs to the party prevailing in civil actions does not apply to proceedings of this kind. *Commonwealth* v. *Carpenter*, 3 Mass. 268.

*Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. 496.    It is true that it is provided by the Gen. Sts. *c.* 43, § 24, that in case of land taken for a highway no jury shall be ordered till the petitioners give recognizance to the county for the payment of all costs and expenses which arise, in case the jury shall not increase the damages allowed by the commissioners; while § 44 provides that, if the jury do not increase the amount of damages, the costs incurred by reason of the application of the jury shall be paid by the persons who recognize for the payment of costs.    But this recognizance and payment under it are not to be confounded with the payment of costs to a prevailing party.    Under the provisions of the law, as it stood before the St. of 1873, *c.* 261, the county commissioners were the only officers who could set in motion the machinery for summoning a jury to assess damages for land taken for a highway; the jurors summoned, the officers attending them, and the person who presided at the trial, received their fees from the treasury of the county, the county standing in the position of advancing the money necessary to the proceedings without reference to its interest in the result, but merely because by the provisions of statute the same officers who laid out the highway, and who made the original award, were invested with the authority to call into existence the other tribunal, the jury, which might, according to its judgment, enlarge or diminish the amount of damages to be paid to the landowner.    In proceedings like those in the case at bar, this relation of the county to the matter is especially manifest.    It is in no way interested in the result, and a recognizance taken by it from petitioners is merely for its own protection against loss by reason of advancing the money for calling and keeping the jury, and for paying the officer who presides at the trial.    If the petitioners in such case, as in case of proceedings to recover for land taken by a railroad corporation, pay the moneys thus advanced, they would be entitled to include the amount in their bill of costs, if the circumstances of the case were such that they could recover costs against the opposing party.

Beside the sections above referred to, there is no provision in the statute which has ever been regarded as suggesting that the party taking lands for a highway could under any circumstances

recover costs against the landowner. The statute is silent on the subject, and apparently for reasons which are recognized as good and sufficient. As was said in the case of *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, 121, " It is not to be presumed, without clear words, that the Legislature would afford to the citizen, whose property had been taken against his will, his constitutional right of having his damages assessed by a jury, only upon the condition of paying costs if the jury should assess them at a less sum than that estimated by public officers in whose appointment he had no greater share than any other citizen of the county, and whose estimate could not lawfully be made conclusive upon him."

Even if, as the respondent contends, the petitioner to the Superior Court for a jury is under obligation to give a recognizance for costs, such recognizance being for the benefit of the county only, the omission to give it has no bearing on the question of costs between the parties. We think, moreover, that the statute provision for the recognizance applies only when a sheriff's jury is asked for, and has no reference to the application for a jury in the Superior Court. The St. of 1873, c. 261, provides that application for a jury may be made by petition to the Superior Court, in all cases when a sheriff's jury may be had for any purpose, and thereupon, after such notice as the court may order to the adverse party, a trial may be had at the bar of said court in the same manner other civil cases are there tried by jury. The statute says nothing about a recognizance, and it would be an anomaly in that court if a party were required to recognize to the county for costs before he could submit his rights to the decision of a jury.

The motion of the respondent for judgment in its favor for costs was properly denied. The judgment appealed from being sustained, justice requires that the costs incurred by the appeal should be taxed against the respondent. Gen. Sts. *c.* 156, § 26. *New Haven & Northampton Co.* v. *Northampton, ubi supra.*

*Judgment affirmed, with costs*

*T. M. Stetson & S. M. Thomas*, for the respondent.
*C. A. Reed*, for the petitioners.