## AMOS F. BREED vs. CITY OF LYNN.

Essex   Nov. 7, 1878. — Feb. 26, 1879.   ENDICOTT & LORD, JJ., absent.

On a petition to the Superior Court, under the St. of 1871, c. 382, for a jury to revise an assessment of betterments, which has, since the petition was brcught, been adjudged void by this court on *certiorari*, the petitioner is not entitled to go to a jury; and the petition may properly be dismissed without costs to either party.

PETITION to the Superior Court, under the St. of 1871, c. 382, for a jury to revise an assessment of betterments upon the estate of the petitioner.

In the Superior Court, when the case was reached for trial, it was stated to the court, and agreed by both parties, that, since this petition was brought, the Supreme Judicial Court, upon a petition for a writ of certiorari, had adjudged that the assessment which this petition was brought to revise was void *ab initio*.

The petitioner contended that he had the right to go to a jury; and that he was entitled to a verdict reducing the assessment to nothing, so as to entitle him to costs. The respondent objected to this, and contended that, if the case was submitted to a jury, a verdict should be rendered for the respondent.

Upon these facts, *Colburn*, J., ruled that there was nothing to be submitted to a jury; and ordered the petition to be dismissed without costs to either party. To this ruling both parties alleged exceptions.

*A. Jones*, for the petitioner.

*R. E. Harmon*, for the respondent.

SOULE, J. This petition to the Superior Court for the revision by a jury of an assessment of betterments, under the St. of 1871, c. 382, is not a civil action, within the meaning of that term as used in the Gen. Sts. c. 156, § 1; and the right of the prevailing party to costs, in proceedings under such petition, is not determined by that section. It is not a new and original action, nor a process to reverse a judgment already rendered, but is only a step in the cause begun before the proper board of officers of the city of Lynn, which suspends all proceedings to enforce the assessment by that board, until final action on the

petition is had. In this respect it is analogous to the application of a landowner for a jury to assess his damages for land taken for a highway, or for a railroad. *New Haven & Northampton Co.* v. *Northampton,* 102 Mass. 116. *Commonwealth* v. *Boston & Maine Railroad,* 3 Cush. 25, 55. *Williams* v. *Taunton, ante,* 287.

The only provision of statute, relating in terms to the recovery of costs by either party, in petitions like that under consideration, is contained in § 8 of the statute under which the petition is made, and gives costs to the petitioner if the jury reduces the amount of the assessment, and costs to the respondent if the jury does not reduce the amount of the assessment. This provision clearly applies only to those cases in which the jury passes on the question, whether the assessment complained of is excessive or not, and imports that the amount assessed by the jury is to be compared with that assessed by the board of city officers. *Drury* v. *Boston,* 101 Mass. 439. It cannot be invoked to determine the right of either party to costs, where the petition is disposed of without any action by the jury.

If the case had gone to the jury, it would not have been open to the petitioner to question the validity of the proceedings of the city officers in making the assessment. The only question to be tried would have been the question whether the assessment was excessive or not, and the burden would have been on the petitioner to prove that it was so. The question of the validity of the proceedings in making the assessment could be tried only on a petition for *certiorari.* *Bigelow* v. *Boston,* 120 Mass. 326. *Hitchcock* v. *Aldermen of Springfield,* 121 Mass. 382. The petition assumed the validity of the proceedings by the city officers. It was competent, therefore, for the respondent to show to the court that, on due proceedings had before the proper tribunal since the petition was made, the proceedings in which the assessment was made had been quashed, and become null and void. This being done, the case stood in a situation for which no provision as to costs exists in the St. of 1871, and the ruling was correct that neither party was entitled to costs thereunder.

Neither party can sustain its exceptions, on the ground that the provisions of the Gen. Sts. *c.* 156, § 16, reach the case, because, even if that section is applicable, it makes the allow-

ance of costs, in cases where no express provision therefor is made, a matter of discretion, and to the decision of the court in matters of discretion no exception lies.

*Exceptions of both parties overruled.*