WILLIAM D. GIFFORD *vs.* INHABITANTS OF DARTMOUTH.
WILLIAM POTTER, 2d, *vs.* SAME.

Bristol. Oct. 29, 1879. — July 1, 1880. COLT & AMES, JJ., absent.

A landowner, who has applied, under the St. of 1873, c. 261, to the Superior Court for a jury to assess his damages sustained by a change of grade of a highway, and has obtained a verdict in his favor, is not entitled to costs.

TWO PETITIONS to the Superior Court, under the St. of 1873, c. 261, each for a jury to assess the damages caused to the petitioner's estate by reason of the lowering of the grade of a highway in the respondent town, the selectmen having made no adjudication of the damages on petitions duly filed with them. The jury returned a verdict for the petitioner in the first case in the sum of $45, and for the petitioner in the second case in the

sum of $30. The clerk taxed costs to each petitioner, against the objection of the respondent; *Brigham*, C. J. affirmed the taxation; and the respondent alleged exceptions.

*T. M. Stetson*, for the respondent.

*G. Marston*, for the petitioners, contended that, inasmuch as the St. of 1873, c. 261, provided that a petition under that act should be tried "in the same manner as other civil cases" are tried, the case came within the Gen. Sts. c. 156, § 1, which provides that, "in all civil actions, the prevailing party shall recover his costs, except in those cases in which a different provision is made by law."

SOULE, J. A landowner aggrieved by the estimate made by the selectmen of the damages sustained by him by reason of the raising or lowering of a highway or town way, or by the neglect or refusal to estimate the same, may apply for a jury to have his damages ascertained in the manner provided where land is taken in laying out highways. Gen. Sts. c. 44, § 20. The jury thus applied for was formerly ordered by the county commissioners. Gen. Sts. c. 43, § 19. St. 1870, c. 75. By the St. of 1873, c. 261, it is provided that the application for a jury may be made to the Superior Court, and that the trial may be had at the bar of that court.

The petitioners in the cases at bar, having failed to obtain any estimates of their respective damages from the selectmen of the defendant town, applied to the Superior Court for a trial by jury, and obtained verdicts in their favor. Thereupon the clerk of the Superior Court taxed costs for the petitioners, and, the taxation having been affirmed by that court on appeal, the respondent excepts to the ruling of the Superior Court.

It is well settled that proceedings of this nature are not within the statute provision giving costs to the party prevailing in civil actions. *Commonwealth* v. *Carpenter*, 3 Mass. 268. *Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. 496. *Williams* v. *Taunton*, 126 Mass. 287. If, therefore, the petitioners are entitled to costs, it must be by virtue of some special provision of statute relating to this class of proceedings. The petitioners have failed to point out any such provision, and do not cite any case in which it has been decided that costs are recoverable by

the landowner against the town. The statutes make no pro-
vision for costs between the parties. The only direct provision
for payment of costs in these cases is one for the protection of
the county from loss, when the county commissioners order the
jury; in which case the petitioner recognizes to the county for
the payment of costs and expenses incurred by the county. But
these costs and expenses are not the costs of the parties to the
controversy, and are a class of expenses which do not arise
where, as in the cases at bar, the application for a jury is made
to the Superior Court. *Williams* v. *Taunton, ubi supra.* Gen.
Sts. *c.* 43, § 24. This provision has come down, with some mod-
ifications of its language, from the statute by which the court
of sessions was abolished and county commissioners were estab-
lished. St. 1827, *c.* 77. From an examination of that statute
it is perfectly clear that no recovery of costs between parties
was contemplated. Section 11 provides that "no petition for
the laying out, alteration or discontinuance of any highway or
common road, or for a jury in relation thereto, or in consequence
thereof, shall be proceeded upon by the county conmmissioners
of any county, until the petitioner or petitioners shall cause a
sufficient recognizance to be given to the county, with such
surety as the said commissioners shall accept, to pay all the costs
made in pursuance thereof, in case such petition shall not pre-
vail. And in case such highway or road shall be finally laid out
and established, altered or discontinued, all the expenses of the
commissioners and of the view, and of the laying out or altera-
tion, and all damages allowed for the laying out, alteration or
discontinuance shall be paid out of the county treasury. And
in case said highway or road shall not be finally laid out and
established, altered or discontinued, all the said expenses shall
be paid by the person or persons recognizing therefor as afore-
said." This language specifies the kind of expenses which the
individual asking for the laying out of a highway, or for a jury
to assess damages, exposes himself to being called on to pay on
his recognizance for costs. Section 12 provides that, when a
jury "shall not alter said way or increase the damages, the cost
incurred in pursuance thereof shall be paid in the same way as
is provided in the eleventh section of this act, by the person or
persons recognizing therefor as aforesaid." This plainly means

that the costs to be paid by the party are the expenses incurred by the county commissioners under the petition for a jury, and as security for the payment of which the recognizance was entered into.

In addition to the provision above cited from the General Statutes, is the provision of § 57 of the same chapter, that where several landowners become parties to the proceedings on the petition of one, and have their damages determined by the same jury, each party recovering damages shall recover his costs; and each party not recovering his damages shall be liable for costs to the town or other corporation of which he shall have claimed damages, in like manner as if the proceedings were under his several petition. This section does not establish any new and independent right to costs, but merely gives the same rights and imposes the same liabilities when the claimants join, which each would have had and would have been under if he had proceeded alone, — the word "costs" referring to the same class of expenses as in the other section.

It is not necessary that we should consider here the reasons which may have operated on the Legislature to maintain silence on the subject of costs between the parties to the controversy in matters of this kind. They are somewhat discussed by the court in the cases cited at the beginning of this opinion.

As no statute gives costs to the petitioners in cases of this nature, the judgments of the Superior Court for costs against the respondent were erroneous, and must be set aside.*

<em>Exceptions sustained.</em>

---

* The St. of 1881, c. 122, is as follows: "In all cases where an award has been made and either party makes application for a jury to the Superior Court under the provisions of chapter two hundred and sixty-one of the acts of the year eighteen hundred and seventy-three, if upon trial damages are increased beyond the award, the party in whose favor the award was made shall recover his costs; otherwise he shall pay costs; and costs shall be taxed as in civil cases."