HENRY CHILDS *vs.* NEW HAVEN AND NORTHAMPTON COMPANY.

Franklin.   Sept. 19. — Oct. 13, 1883.   FIELD & W. ALLEN, JJ., absent.

A person who prevails, upon an application for a sheriff's jury to assess the damages occasioned by the taking of his land by a railroad corporation, is entitled to be allowed, in the taxation of costs in the Superior Court, as part of his "legal costs," given by the Pub. Sts. *c.* 112, § 100, the fees of his witnesses for travel and attendance before the sheriff's jury, and the officer's fees for summoning the witnesses; and it is immaterial that the items in question do not appear in the sheriff's certificate of costs returned to the Superior Court.

If both parties to an action appeal from the decision of the Superior Court to this court, and one party waives his appeal and prevails on the appeal of the other party, neither party is entitled to recover the costs of the appeal, under the Pub. Sts. *c.* 198, § 27.

COLBURN, J.   The damages of the petitioner for the taking of his lands by the respondent having been estimated by the county commissioners, he applied for a sheriff's jury, which

assessed his damages at a greater sum than that estimated by the commissioners. The petitioner's costs were taxed by the clerk of the Superior Court, and from that taxation the respondent appealed to the court. The court allowed some and disallowed other of the items taxed by the clerk, and both parties appealed to this court. At the argument, the petitioner waived his appeal, leaving for our determination only the question whether the petitioner is entitled to recover, as part of his costs, the fees of his witnesses for travel and attendance before the sheriff's jury, and the officer's fees for summoning the witnesses.

It is well settled that the provision of the statute giving costs to the prevailing party in civil actions does not apply to proceedings of this kind. *Williams* v. *Taunton*, 126 Mass. 287. *Gifford* v. *Dartmouth*, 129 Mass. 135, and cases cited. It therefore follows that, if the petitioner is entitled to recover costs, it must be by virtue of some special provision of statute applicable to such proceedings.

If we consider that it is settled, by the cases of *Williams* v. *Taunton* and *Gifford* v. *Dartmouth*, *ubi supra*, that, in applications for the assessment of damages by a sheriff's jury for land taken for highways, there can be no recovery of costs, as between the parties, but only of such costs as are covered by the recognizance which the petitioner is required to give to the county, for the reason that there is no statute provision for the payment of any other costs, those decisions do not materially affect the question in this case.

This proceeding was under the Pub. Sts. *c.* 112, relating to railroads, and by § 100 of that statute it is provided, that, upon an application for a jury to assess damages for land taken, "the prevailing party shall recover legal costs." This is a reenactment of the provision of the St. of 1841, *c.* 125, § 3 ; Gen. Sts. *c.* 63, § 22 ; and of the St. of 1874, *c.* 372, § 68 ; and these statutes introduced a new provision as to costs, in cases before sheriffs' juries, which is applicable only in proceedings for the assessment of damages for lands taken for railroads, so that decisions in highway cases are of little or no assistance in determining the question before us. And it was decided in *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, that, as the St. of 1841, *c.* 125, § 3, was not brought to the notice of

the court in *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 25, 55, in *Gray* v. *Lowell & Lawrence Railroad*, 4 Cush. 609, and in *Harvard Branch Railroad* v. *Rand*, 8 Cush. 218, those cases are of no authority upon the question of its effect.

The petitioner was the prevailing party, and is entitled to " recover legal costs." We think " legal costs " in this statute mean such costs as are usually recovered in civil actions, and include the travel and attendance of witnesses, and the fees of the officer for summoning them, in addition to such costs as he may have incurred for the sheriff and jurors. The language of the statute in question is similar to that of the St. of 1784, *c.* 28, § 9, from which the subsequent provisions relating to costs in civil actions have been derived; namely, " in all actions, as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs against the other." The apparent purpose of the Legislature was to put parties to proceedings before sheriffs' juries for the assessment of damages for lands taken for railroads upon the same footing as to costs as parties in civil actions.

The respondent contends that legal costs in this statute mean only such costs as are recoverable in cases of the assessment of damages for taking lands for highways. Such construction would deprive the provision of all meaning. As the only costs that can be recovered in cases of that kind are the costs covered by the recognizance to the county, unless the petitioner for the jury should prevail, there would be no costs which the prevailing party could recover.

Our decision is in accordance with that in *New Haven & Northampton Co.* v. *Northampton*, *ubi supra*, though that case does not discuss in much detail the items of taxable costs.

The respondent objects that the items in question cannot be taxed, as they do not appear in the sheriff's certificate of costs returned to the Superior Court. We see no force in this objection. The only costs the sheriff was required to certify were his own travel and attendance, and that of the jurors. Pub. Sts. *c.* 49, §§ 47, 48. Costs are first taxed in the Superior Court, and the fees of witnesses may be taxed from their certificates, and those of the officer for summoning them from the returns on the subpœnas, as in other cases pending in court. The taxation of costs by the Superior Court must be affirmed.

As both parties appealed to this court, and the petitioner has waived his appeal, to that extent the respondent has prevailed, and as the petitioner has prevailed on the respondent's appeal, both parties have prevailed; and, in justice, neither party should recover costs of the appeals to this court. Pub. Sts. *c.* 198, § 27. *New Haven & Northampton Co.* v. *Northampton, ubi supra.*

Taxation of costs by the Superior Court affirmed.

*J. A. Aiken,* for the respondent.
*G. D. Williams,* for the petitioner.