SAMUEL DICKINSON *vs.* AMHERST WATER COMPANY.
WILLIAM KELLOGG & others *vs.* SAME.
RODNEY SMITH & others *vs.* SAME.
WILLIAM A. MAGILL *vs.* SAME.

Hampshire. Oct. 11, 1884. — May 8, 1885. C. ALLEN & COLBURN, JJ.,
absent.

Water-rights belonging to different owners were taken by a water company, for
the purpose of supplying a town with pure water, under a statute which pro-
vided that damages occasioned by the taking should be assessed and determined
in the manner provided when land is taken for highways. Separate petitions
were filed, and the cases were heard together before a sheriff's jury, which
awarded to some of the owners larger damages than had been awarded by the
county commissioners, and to one owner a less sum. *Held,* that none of the
petitioners were entitled to have costs taxed against the water company; but
that the prevailing parties were entitled, under the Pub. Sts. c. 49, § 56, to have
their costs paid from the county treasury. *Held, also,* that the provisions of the
Pub. Sts. c. 49, §§ 18–24, did not apply.

FOUR PETITIONS to the county commissioners for a jury to
assess the damages caused by the taking by the respondent,
under the St. of 1880, c. 179, for the purpose of supplying the
town of Amherst with pure water, of certain water-rights of
the petitioners, the owners of mill privileges on a brook in Pel-
ham, called Valley Brook or Amethyst Brook. The petitioners
recognized for the payment of costs, and two warrants for a jury
were issued, one on the first three petitions, and the other on
the last petition. By agreement of parties, all the cases were
tried together. The jury returned a verdict in favor of the
petitioners, in each of the first three cases, for a larger amount
of damages than was awarded by the county commissioners, and
in the last case for a smaller amount.

The verdict was returned to and accepted by the Superior
Court, and a question arose as to the costs before the sheriff's
jury, which was heard before *Staples,* J., who allowed a bill of
exceptions, in substance as follows:

The sheriff returned, as the fees of the jury, $221.76, which
were paid to him, on the discharge of the jury, by the treasurer of
the county. He also returned, as the fees of officers in drawing
and summoning the jurors, $47.86; also for expenses for officers

and carriages for the jury to view the premises, $23; also for charges for the sheriff for presiding five days at the trial, $50. No question was raised as to the amount, form, or reasonableness of the several items charged, or as to any other item of costs.

The petitioners contended that they were entitled to recover said costs as above set forth, and have the same taxed in their costs against the respondent.

The respondent contended that the same could not be recovered as costs by the petitioners, but should be finally paid out of the county treasury.

The respondent asked the judge to rule, in respect to the case of Magill, that he was not entitled to recover his costs, because his damages were not increased by the jury; and the judge declined so to rule.

The judge ruled that said costs should be allowed and taxed to the petitioners, and against the respondent, but under apportionment as provided by law. The respondent alleged exceptions.

*W. A. Dickinson & J. I. Cooper*, for the respondent.

*D. W. Bond*, for the petitioners.

DEVENS, J. The only question presented by these exceptions concerns the liability of the respondent to the petitioners for those expenses which must, in the first instance, have been paid by the county, upon their application to the county commissioners for an assessment by a jury of the damages sustained. If any question might have been raised as to any other items of cost, it is not here presented.

The statute, under which the water-rights were taken, provides that any damages occasioned by the respondent shall be " assessed and determined in the manner provided when land is taken for highways." St. 1880, *c.* 179, § 3. The county commissioners had assessed the damages sustained by the petitioners, who, deeming themselves aggrieved thereby, made application for a sheriff's jury and recognized for the payment of costs. By the Pub. Sts. *c.* 49, which provides for the assessment and determination of damages where land is taken for highways, when an application is made for the revision of an assessment, it is, in § 35, enacted that " no jury shall be ordered, nor committee appointed, until the petitioners give recognizance to the county

for the payment of all the costs and expenses which may arise in case the jury or committee does not increase the damages or indemnity allowed by the commissioners."

That proceedings of the nature of those instituted by the petitioners are not within the general statutory provisions by which costs are given to the party prevailing in a civil action, and that, if the petitioners are entitled to costs, it must be by the special provisions relating to this class of proceedings, has long been settled. *Commonwealth* v. *Carpenter*, 3 Mass. 268. *Hampshire & Hampden Canal* v. *Ashley*, 15 Pick. 496. *Williams* v. *Taunton*, 126 Mass. 287. *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116. *Gifford* v. *Dartmouth*, 129 Mass. 135. *Childs* v. *New Haven & Northampton Co.* 135 Mass. 570.

The statutory provision, when application is made, as above stated, to the county commissioners for a sheriff's jury, is found in the Pub. Sts. *c.* 49, § 56 : " If the jury or committee do not increase the amount allowed by the commissioners as damages or indemnity, the costs incurred by reason of the application for the jury or committee shall be paid by the persons who recognize for the payment of costs ; otherwise, all such costs shall be paid from the county treasury."

As the damages of three of the petitioners were increased, and those of one were reduced, and as all the costs and expenses here in dispute were such as were required in order that the application of the petitioners might be passed upon by a jury, the terms of the section certainly provide that, so far as three of the petitioners are concerned, their proportion of them was to be paid by the county treasury, while that of the fourth was to be paid by him upon his recognizance.

The petitioners contend that their recognizance should be held to have been taken, (or at least thus construed,) not under the Pub. Sts. *c.* 49, § 35, heretofore quoted, but under the Pub. Sts. *c.* 22, § 23 ; that the county has no interest in the matter in controversy between these parties, and that it is as much a private matter as where land is taken for railroad purposes. We readily concede that the provisions of the highway act, referred to in the statute incorporating the respondent as furnishing the method of assessing and determining damages, are not to be applied merely *mutatis mutandis* so far as words are concerned,

but also with such changes as the difference in the nature of the two proceedings, or as other specific provisions of the statutes regulating the one or the other, may require. *Worcester* v. *County Commissioners,* 100 Mass. 103, 106. *New Haven & Northampton Co.* v. *Northampton,* 102 Mass. 116, 123. Section 23 of *c.* 22 provides that, " when a person or corporation applies to the commissioners to estimate or assess damages sustained by reason of property taken or intended to be taken for the purposes of a railroad or other corporation, or to perform any other official act in relation to matters in which the county has no interest," the commissioners may require a recognizance to pay all costs and expenses which may arise, and in their assessment of damages they are to add the amount of such costs and expenses thereto. This section has reference apparently only to proceedings before the commissioners themselves, and not to any application for a jury to revise an assessment made by them. But, without passing upon this, the legislation in regard to the assessment of damages for lands taken for railroad purposes has for many years differed from that in relation to highways in this important particular: that, while the statutes in regard to highways have been referred to as affording the rule by which damages were to be ascertained and determined, the landowner and the corporation have been treated as opposing parties, and it has been provided that the prevailing party shall recover legal costs, and the usual rule has been applied, that where a party finally recovers damages, even if they are less than those which he first obtained, he is still entitled to his costs. *New Haven & Northampton Co.* v. *Northampton, ubi supra.* Pub. Sts. *c.* 112, § 100. The provision, in the present and preceding railroad statutes, that the prevailing party should recover legal costs, necessarily modified that by which it was enacted that the proceedings upon an application for damages should be the same as in the laying out of highways.

It is said by Mr. Justice Colburn, in *Childs* v. *New Haven & Northampton Co. ubi supra,* in which the question what are " legal costs," upon an application for a sheriff's jury to assess damages occasioned by the taking of land by a railroad corporation, was discussed: " This proceeding was under the Pub. Sts. *c.* 112, relating to railroads, and by § 100 of that statute it is

provided, that, upon an application for a jury to assess damages for land taken, 'the prevailing party shall recover legal costs.' This is a reënactment of the provision of the St. of 1841, c. 125, § 3; Gen. Sts. c. 63, § 22; and of the St. of 1874, c. 372, § 68; and these statutes introduced a new provision as to costs, in cases before sheriffs' juries, which is applicable only in proceedings for the assessment of damages for lands taken for railroads, so that decisions in highway cases are of little or no assistance in determining the question before us."

No similar provision is found in the statute we are considering. It is urged that it is anomalous and inconsistent, that, when a party has his land taken for railroad purposes, he should be allowed to recover costs of the opposite party, while a different rule prevails where he is an owner of a water-right in a brook taken for the purpose of supplying water to a town, and that the county has in either case no interest in the matter in controversy. While it is true that the county does not have the same pecuniary interest as that which exists when it has the burden of constructing a highway, yet the supply of water to the various towns is of great public importance. The acts providing for the formation of companies for that purpose generally provide, as does the one before us, for the taking of their property at an actual valuation by the towns which they supply, and it may well be that the Legislature has deemed that a distinction could properly be made between them and railroad corporations, which, although public in their character, are still more largely intended for the profit and benefit of their stockholders. The provision that petitioners shall be responsible for costs, in case damages are not increased, guards the county against frivolous applications for a sheriff's jury, and when they succeed in obtaining an increase of damages, it may have been thought reasonable that the water company, which had been satisfied with the judgment, should not be subjected to any additional cost by reason of an error of judgment in the tribunal provided by the county, and that in such case it should be borne by the county.

This conclusion is to some extent fortified by an examination of § 105, which provides that, in all cases where a sheriff's jury is allowed, there may be an application to the Superior Court

for a jury, and the case is to be tried at the bar of that court, as other civil cases are there tried. " When such an application is made after an award, the party in whose favor the award was made shall recover his costs, if upon the trial the damages are increased beyond the award; otherwise, he shall pay costs; and such costs shall be taxed as in civil cases." In the ordinary taxation of costs in civil cases, expenses such as are here sought to be recovered of the respondent are not included, but are paid by the county.

The petitioners further contend that the provisions of the Pub. Sts. *c.* 49, §§ 19–24, are to control this case, especially that provision of § 24 which enacts that " each party recovering damages shall recover his several costs." Sections 18–31 are intended to provide for the damages and indemnity where lands are taken for a highway, when there are separate, different, or contingent estates, &c. in the same tract. These sections in the Public Statutes precede those which provide for the application for a jury to revise any assessment which has been made. In the Gen. Sts. *c.* 43, from which *c.* 49 of the Pub. Sts. is principally taken, they follow those sections. However located, they are governed by those which relate to individual petitioners, and their sole purpose is to enable those having different, separate, and contingent interests to unite in a single petition. They obtain thereby no other or greater rights, but those rights are more efficiently protected, as in some cases by the appointment of a trustee to receive and hold the damages. The respondent is also protected, since, if separate petitions were maintained, the aggregate of the damages thus separately found might exceed the full value of the estate taken. The language of the section, — " Each party recovering damages shall recover his several costs, and each party not recovering damages shall be liable for costs to the town or other corporation of which he claimed damages, in the same manner as if the proceedings were had upon his several petition," — shows that no different rule on this subject is established where parties unite. " This section," says Mr. Justice Soule, referring to § 57, *c.* 43, of the Gen. Sts., from which § 24, *c.* 49, of the Pub. Sts. is taken *in verbis,* " does not establish any new and independent right to costs, but merely gives the same rights and imposes the same liabilities when the

claimants join, which each would have had and would have been under if he had proceeded alone, — the word ' costs ' referring to the same class of expenses as in the other section." *Gifford* v. *Dartmouth*, 129 Mass. 135, 138.

Even, therefore, if the petitioners were of the class referred to in the Pub. Sts. *c.* 49, § 24, they would not be entitled to recover against the respondent these costs ; they would, within the meaning of that statute, have recovered them when they had established, as against the county, its duty to pay them from its treasury.

The petitioners, however, are not of the class provided for by §§ 18–24 of *c.* 49. They do not hold separate, different, or contingent interests in the same estate or tract of land, but have entirely distinct interests and estates. Section 34, *c.* 49, not only permits any two or more persons claiming joint or several damages or indemnity to unite in the same petition, but requires the commissioners, where several applications are pending on account of the same highway, to cause them to be considered by the same jury ; and " the costs shall be taxed either jointly or severally, as the court to which the verdict may be returned determines to be equitable." These costs, so far at least as they are of that class which in the first instance are to be paid by the county, (which are the only ones now in question,) must be governed by the rule prescribed by § 56, heretofore fully quoted.

We are therefore of opinion, that the petitioners who have had their damages increased are not entitled to recover against the respondent the costs now claimed, and that they are a proper charge upon the county treasury.

Whether, as against the petitioner Magill, the commissioners may now issue their warrant upon his recognizance for the payment of his proportion of these costs, is not properly presented by the exceptions.                    *Exceptions sustained.*