SAMUEL B. HAMLIN *vs.* CITY OF NEW BEDFORD.

SAME *vs.* SAME.

Bristol. Oct. 27, 1886. — Jan. 5, 1887. DEVENS & W. ALLEN, JJ., absent.

The St. of 1883, *c.* 176, § 1, authorized the city council of a city to lay out a street over tide water, and contained no reference to the Pub. Sts. *c.* 49. *Held,* that, by necessary implication, the provisions of this chapter applied, and that, under § 105, on a petition to the Superior Court by a person whose land was injured by the extension of the street, if the petitioner recovered a less amount than had previously been awarded to him, the city was entitled to its costs.

The St. of 1883, *c.* 176, authorized a city to take lands for the purpose of abating a nuisance; and provided that, if a person whose land was taken should agree with the city as to the amount of damages, it should be paid forthwith ; if not, he might apply to the Superior Court, and the proceedings should be the same as in the case of lands taken for the laying out of highways. At the trial of a petition by a person whose land had been taken under the authority of the statute, it appeared that no agreement had been made between the parties as to the amount of damages ; and that no award had been made by the city. *Held,* that, under the Pub. Sts. *c.* 49, § 105, the petitioner was not entitled to costs.

GARDNER, J. The St. of 1883, *c.* 176, § 1, authorizes the city council of the city of New Bedford " to lay out an easterly extension of Howland Street in said city over the tide waters of the Acushnet River." The city council laid out the street, took land of the petitioner, and awarded him damages. Being dissatisfied with the amount awarded, he filed a petition in the Superior Court to have his damages assessed by a jury. A trial was had, and a verdict was returned for a less amount than had been awarded him by the city council. The Superior Court

ruled that, on this state of facts, the respondent was entitled to costs; and the correctness of this ruling is the question presented by the bill of exceptions in the first case.

Chapter 49 of the Public Statutes, relating to the laying out and discontinuance of ways, provides, in § 105, that, where an application is made for a jury, "after an award, the party in whose favor the award was made shall recover his costs, if upon the trial damages are increased beyond the award; otherwise, he shall pay costs; and such costs shall be taxed as in civil cases."

The petitioner, however, contends that, inasmuch as § 1 of the St. of 1883, *c.* 176, is a special act, and contains no reference to the Pub. Sts. *c.* 49, the respondent is not entitled to costs. But the only necessity for the passage of the special act was, that under the general laws a street could not be laid out over tide waters. The Legislature gave such authority by the special act, but did not therein prescribe how the street should be laid out. By necessary implication, the street was to be laid out under the general laws, and § 105 of the Pub. Sts. *c.* 49 is applicable.

We are therefore of opinion, that in the first case the ruling of the Superior Court was correct.

The St. of 1883, *c.* 176, § 2, gives the city of New Bedford, for the purpose of abating a nuisance, the right to take certain lands contiguous to the street authorized to be laid out under § 1, and to fill the same. It further provides as follows: "If any person whose land is so taken shall agree with said city as to the amount of his damages, he shall be paid the same forthwith; but if he shall not be able to so agree, he may," within a certain time, "apply by petition to the Superior Court for the county of Bristol, and have his damages assessed by a jury therein, and the proceedings thereon shall be the same as in the case of lands taken for the laying out of highways, except that the damages shall be estimated on the basis that the fee of the land has been taken by said city."

In the second case, lands of the petitioner were taken by the city, under this section, and he filed his petition in the Superior Court, setting forth this fact, and that he was injured thereby, and praying that his damages might be assessed by a jury. A

trial was had, and judgment was entered in his favor. It appeared at the trial, that no agreement had been made between the parties as to the amount of damages, as provided in the St. of 1883, and that no award had been made by the city. The court ruled that he was not entitled to costs; and to this ruling he alleged exceptions.

The statute which gives costs to the party prevailing in civil actions does not apply to cases of this nature. *Hampshire & Hampden Canal* v. *Ashley*, 15 Pick. 496. *Williams* v. *Taunton*, 126 Mass. 287. *Gifford* v. *Dartmouth*, 129 Mass. 135. *Dickinson* v. *Amherst Water Co.* 139 Mass. 210. If the petitioner is entitled to costs, it must be under the Pub. Sts. *c.* 49, § 105, already referred to, for neither by the St. of 1883, nor by any other statute, can he recover costs.

The case does not show that the question of damages was considered by the city, or that the city refused to award damages to the petitioner. From all that appears in the bill of exceptions, the petitioner may have commenced his proceedings in the Superior Court, without any application to the city by verbal or written petition for damages. The city was not absolutely required by statute to make an award. The petitioner could go to the Superior Court for a jury, without any award being rendered by the city for him or against him. The fact that no award was made is not equivalent to an award that no damages were sustained, as in the case of *Monagle* v. *County Commissioners*, 8 Cush. 360. In that case, the statute provided that, if damage be sustained by any person in his property, the county commissioners shall estimate and return the same. It was held by the court, that, if no damage be returned, the conclusion is, that, in the judgment of the commissioners, none had been sustained; that it was a judgment against his claim for any damages, and, if a party was aggrieved by such judgment, it came within the statute. See also *North Reading* v. *County Commissioners*, 7 Gray, 109, 112; *Hildreth* v. *Lowell*, 11 Gray, 345, 352.

In the case at bar, no such inference as was found in *Monagle* v. *County Commissioners* can be drawn from the fact that the city made no award of damages to the petitioner. There is no provision of law that the award of the city must precede

the petitioner's application for a jury. The case is not brought within the provisions of the Pub. Sts. *c.* 49, § 105; and the petitioner is not entitled to costs. *Exceptions overruled.*

*J. M. Morton & H. M. Knowlton*, for the petitioner.

*T. M. Stetson*, for the respondent.