VINCENT E. BARNES & another *vs.* CITY OF SPRINGFIELD.

Hampden. November 6, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Appeal, Costs. *Eminent Domain.*

It was proper practice for a respondent in a petition for the assessment of damages due to a taking of land, after a verdict for the petitioner, to file a request to be heard on the taxation of costs, and later, to file a motion that the case be set down for hearing upon the allowance and taxation of costs.

It *was stated* that an appeal by the petitioner in the petition above described, from an order by a judge of the Superior Court allowing him a certain sum as costs, was not properly before this court, since the

order was not an order decisive of the case founded upon matter of law apparent on the record.

The allowance of costs to the prevailing party in a petition for the assessment of damages due to a taking by the city of Springfield under St. 1906, c. 317, was placed in the discretion of the trial judge by the explicit terms of § 7; and, in the absence of an abuse of discretion, his decision on that question was not subject to review by this court.

At the trial of a petition filed in 1909 for the assessment of damages due to a taking by the city of Springfield under St. 1906, c. 317, the jury in 1928 rendered a verdict for the petitioner in a substantial sum. Following the argument of exceptions, this court ordered the entry of judgment for the petitioner in a somewhat smaller sum. Thereafter the trial judge made an order allowing the petitioner costs in the sum of $79.25, for entry fee, attorney's fee, five term fees, and printing briefs. *Held*, that

(1) No abuse of discretion by the trial judge was apparent on the record;

(2) There was nothing on the record showing violation of § 25A, added to G. L. c. 261, by St. 1924, c. 108, § 6.

It *was stated* that, in a proceeding where the allowance of costs is placed in the discretion of the court, the determination of the question, whether disbursements made by a prevailing party for plans ought to be allowed as costs, rests in sound judicial discretion.

PETITION, filed in the Superior Court on January 20, 1909, for the assessment of damages due to takings by the respondent under St. 1906, c. 317.

At the trial before *Walsh*, J., there was a verdict on May 22, 1928, for the petitioner Vincent E. Barnes in the sum of $13,680.99, and a verdict for the petitioner Ellen L. Barnes in the sum of $22,801.64. All parties alleged exceptions. In a decision reported in 268 Mass. 497, it was ordered that the petitioners' exceptions be overruled; that the respondent's exceptions to the verdict for Vincent E. Barnes be sustained; that judgment be entered for Vincent E. Barnes as upon a verdict for $6,840.50; and that judgment be entered for Ellen L. Barnes on the verdict as rendered.

Proceedings as to costs are described in the opinion. By order of *Walsh*, J., the sum of $79.25 was allowed the petitioners. The petitioners appealed. They also alleged exceptions to such order, which subsequently were dismissed by order of the judge.

In their brief before this court, the petitioners made the following statements, in part:

"The record in this case . . . shows affirmatively on its face that nothing has been allowed the petitioners but the specified statute taxable costs of $79.25 although requested by them in their petition, more particularly in the fourth count of said petition, and at a hearing on the question of costs on the defendants' motion for the assessment of the petitioners' costs, for expenses paid by them for expert witnesses and witness fees, counsel fees, surveyors, civil engineers, stenographers' fees, maps, briefs, personal expenses and for time spent by the petitioners in working on their cases for all of which the petitioners claimed reimbursement as costs and annual interest thereon that amounted to more than $120,000 according to a statement that the petitioners' expert accountant had prepared from the books and memoranda of the petitioners not including three lost account books. . . .

"The petitioners contend that even assuming, for the sake of argument, that the matter of costs was in the discretion of the court by virtue of the last sentence of St. 1906, c. 317, § 7, the allowance to the petitioners of $79.25 when they had spent over $120,000 in time and money to secure their legal rights was a clear abuse of discretion which deprived the petitioners of every statute, common law and constitutional right, privilege and immunity and was a despoliation of their property without just compensation or due process of law."

The case was submitted on briefs.

*L. C. Henin,* for the petitioners.

*J. P. Kirby,* for the respondent.

RUGG, C.J.    The cause of action here involved is a petition for the assessment of damages for the taking of land by the defendant under the authority of St. 1906, c. 317.   After decision on exceptions taken at the trial, 268 Mass. 497, the respondent, as shown by the docket entries attached to the record in the case at bar, filed a request to be heard on the taxation of costs, and later, a motion that the case be set down for hearing upon the allowance and taxation of costs.   This was proper practice. Subsequently there was entered by the trial judge an

"Order as to Costs under Authority of Acts 1906, Ch. 317, § 7." The items specified in that order were entry fee, attorney's fee, five term fees, and printing briefs; the total was $79.25. See G. L. c. 261, §§ 23, 25, as amended by St. 1924, c. 108, §§ 1, 2. From this order the petitioners appealed.

The first question is whether the order from which the appeal has been taken was decisive of the case founded upon matter of law apparent on the record. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. G. L. c. 231, § 96, as amended by St. 1928, c. 306, § 2. It is manifest that the order as to costs was not such an order. The order as to costs was not decisive of the case. It related only to a subsidiary matter. The ascertainment of the amount of costs, if in dispute, commonly depends upon evidence and not upon matter of law apparent on the record.

The statute governing costs in the case at bar provides that "Whether or not costs shall be allowed to the prevailing party, and in what amount, shall be in the discretion of said court." St. 1906, c. 317, § 7. See G. L. c. 261, § 13. The order of the trial judge as to costs was within his jurisdiction by the express words of the statute. See G. L. c. 261, § 20. There is nothing on this record in violation of § 25A, added to G. L. c. 261, by St. 1924, c. 108, § 6. The judge made a special order touching costs.

Where the allowance of costs is placed by law in the discretion of the judge, his decision is not subject to revision even if properly brought to this court. *Bond* v. *Fay,* 1 Allen, 212. *Breed* v. *Lynn,* 126 Mass. 290. There are numerous cases where the law has made no provision for costs. *Gifford* v. *Dartmouth,* 129 Mass. 135. *Hamlin* v. *New Bedford,* 143 Mass. 192. *Providence & Worcester Railroad, petitioner,* 172 Mass. 117. *Main* v. *County of Plymouth,* 223 Mass. 66.

Nothing whatever in the present record indicates abuse of discretion. Whether disbursements made by a party for plans ought to be allowed as costs, usually rests in

sound judicial discretion. *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, 262–264.

The petitioners have argued numerous questions wholly outside the record and not before us for decision. Even if some of these may have appeared in their exceptions, we do not know what they are and they are not here. Those exceptions, according to the docket entries, have been dismissed. They cannot be considered. See *Commonwealth* v. *Kossowan,* 265 Mass. 436, 437.

*Appeal dismissed.*